IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-04316-RJL |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DECLARATION EX PARTE, IN CAMERA IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

Defendants hereby move to submit an *ex parte*, *in camera* declaration in support of Defendants' opposition to Plaintiff's motion for temporary restraining order and preliminary injunction. As grounds for this motion, Defendants state as follows.

This lawsuit was filed on December 12, 2025, principally challenging activities related to the White House East Wing Modernization and State Ballroom Project ("the Project"). As explained in Defendant's forthcoming opposition to the Plaintiff's motion, there are national security concerns inherent in any pause to this Project. In addition, the Defendants are providing an unclassified declaration from the Secret Service on the public docket. To elaborate on the discussion of the national security concerns, Defendants seek leave to submit an *in camera*, *ex parte* classified declaration. The sensitive and classified information that would be contained in the declaration cannot be publicly filed or shared with opposing counsel without compromising the interests of national security. Accordingly, the declaration can only be submitted to the Court *in camera* and *ex parte*.

The Court has inherent authority to examine the information that would be contained in such a declaration as part of Defendants' opposition to Plaintiffs' motion for preliminary injunction. *See Jiffry v. Federal Aviation Admin.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function"). For instance, this procedure has been employed in Freedom of Information Act cases involving the application of Exemption 1, the exemption addressed to national security information. *See, e.g., Montgomery v. IRS*, 40 F. 4th 702, 713-14 (D.C. Cir. 2022) (recognizing that in camera declarations are permissible under FOIA "'when (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public

disclosure of that information would compromise the secrecy asserted.'"); *Rosenberg v. U.S. Dep't of Immigr. Customs & Enforcement*, 13 F. Supp. 3d 92, 109-10 (D.D.C. 2014) (proper for agency to supplement its explanation for a claimed FOIA exemption through an *in camera, ex parte* submission). This procedure also has been employed in other contexts where classified declarations are submitted in litigation to defend challenged government action. *See, e.g., Abdollahi v. National Iranian Tanker Company*, Civ. A. No. 19-3688 (ABJ) (D.D.C.), Order (ECF No. 28) at 3 (permitting the government to submit an *in camera, ex parte* declaration explaining why records requested in a subpoena are classified).

Accordingly, given the security concerns raised by the relief requested by Plaintiff, Defendants seek leave to submit an *in camera*, *ex parte* declaration. As the hearing on Plaintiff's motion is scheduled for December 16, 2025, Defendants have lodged the declaration with the Justice Command Center (JCC), which has hand-delivered the document to the Court.

Pursuant to Local Rule 7(m), undersigned counsel attempted to confer with counsel for Plaintiff regarding the relief requested in this motion. Plaintiff's counsel has not responded as of the time of filing, and their position is unknown.

December 15, 2025                                       Respectfully submitted,

                                                        Adam R.F. Gustafson
                                                        Principal Deputy Assistant Attorney General

                                                        Marissa A. Piropato
                                                        Deputy Chief

                                                        Gregory Cumming
                                                        Senior Attorney

                                                        **/s/ Mark J. Widerschein**
                                                        Mark Widerschein
                                                        Michelle Ramus
                                                        Trial Attorneys

3

        Natural Resources Section
        Environment & Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Michelle.Ramus@usdoj.gov
        Mark.Widerschein@usdoj.gov

*Counsel for Defendants*