## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br>         Plaintiff,<br><br>         v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 25-4316 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM ORDER
December ___17___, 2025 [Dkt. #2]

This matter comes before the Court on plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. #2]. For the reasons set forth below, I will **DENY** plaintiff's motion for a temporary restraining order and **DEFER** judgment on plaintiff's motion for a preliminary injunction until after the Court has held its hearing in January.

A temporary restraining order ("TRO") is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Its purpose is to "preserve the relative positions of the parties" pending a merits decision. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a TRO, the plaintiff must show "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the TRO

1

were not granted, (3) that the TRO would not substantially injure other interested parties, and (4) that the public interest would be furthered by the TRO." *Am. Foreign Serv. Ass'n v. Trump*, 766 F. Supp. 3d 25, 28 (D.D.C. 2025) (cleaned up).

Here, plaintiff has not demonstrated "a clear and present need for equitable relief to prevent irreparable harm" before this Court can consider plaintiff's motion for a preliminary injunction. *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (internal quotation marks omitted).  Plaintiff points to both the procedural harm of being denied participation in the review process for the proposed ballroom and the aesthetic (as well as historic and cultural) harm of an expansive ballroom overshadowing the White House.  But bare procedural injury, standing alone, is insufficient to demonstrate irreparable harm. *See, e.g., Manzanita Band of Kumeyaay Nation v. Wolf*, 496 F. Supp. 3d 257, 268–69 (D.D.C. 2020); *Fisheries Survival Fund v. Jewell*, 236 F. Supp. 3d 332, 336 (D.D.C. 2017).  Further, the Government has committed to commencing the consultation processes with the National Capital Planning Commission ("NCPC") and the Commission of Fine Arts ("CFA") by the end of the month.  The Court will hold the Government to its word.

As for plaintiff's claims of aesthetic harm, I find that plaintiff has not yet demonstrated that such harm is "certain, great, actual, imminent, and beyond remediation." *Fisheries*, 236 F. Supp. 3d at 337.  While below-grade demolition and excavation at the East Wing are ongoing, the Government has represented that below-grade structural work—*i.e.*, "footings and below-grade structural concrete"—will not begin until January 2026 for the colonnade and February 2026 for the ballroom.  Decl. of John Stanwich [Dkt.

#14-6] ¶¶ 19–20. And at yesterday's hearing, the Government represented that nothing about the ballroom has been finalized, including its size and scale. Based on those representations, there is no sufficiently imminent risk of irreparable aesthetic harm warranting a temporary restraining order halting construction over the next fourteen days. *See* Fed. R. Civ. P. 65(b)(2).

Indeed, because plaintiff has not made a sufficient showing of irreparable harm, I may deny "the motion for injunctive relief without considering the other factors." *Fisheries*, 236 F. Supp. 3d at 336. Accordingly, I reserve judgment as to plaintiff's likelihood of success on the merits and the balance of the equities. And I reserve judgment on whether plaintiff may be able to show irreparable harm at the preliminary injunction stage.

Finally, the Court takes seriously the Government's representations that its plans are not yet final, that it will commence consultations with the NCPC and CFA by the end of this month, and that no above-grade construction will take place before April 2026. If there *is* any below-grade construction that dictates the size or scale of the proposed ballroom *before* the Court can act on plaintiff's motion for a preliminary injunction, then the Government should be prepared to take it down depending on the Court's resolution of the merits of this case.

Accordingly, it is hereby

**ORDERED** that plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. #2] is **DENIED** in part (insofar as it seeks a temporary

3

restraining order) and **DEFERRED** in part (insofar as it seeks a preliminary injunction); and it is further

ORDERED that a hearing on plaintiff's motion for a preliminary injunction is set for January 15, 2026 at 3:30 PM in Courtroom 18 (In Person); and it is further

ORDERED that plaintiff shall file a supplemental brief in support of its motion for a preliminary injunction by December 29, 2025; defendants shall file a response by January 8, 2026; and plaintiff shall file a reply brief by January 12, 2026; and it is further

ORDERED that the parties shall address the following questions in their briefs, along with any other issues the parties wish to raise:

- Whether and to what extent, past Presidents have obtained congressional authorization and/or regulatory approval for construction and modifications to the White House structure and grounds.

- Whether the President has independent constitutional and/or statutory authority to construct a ballroom on White House grounds.

- Whether the entities directing the ballroom construction, including the Office of the Executive Residence, are "agencies" within the meaning of the Administrative Procedure Act.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge