IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-04316-RJL |

**DECLARATION OF ▮▮▮▮▮**
**PROFESSIONAL ENGINEER**

1. The facts set forth in this Declaration are based upon my professional knowledge, and, if called as a witness in this proceeding, I could and would testify competently thereto under oath.

2. I am a Professional Engineer and have been a licensed engineer since 1996. I am employed by ▮▮▮▮▮ which is an engineering firm that has been retained as a subconsultant by AECOM Services, LLC for the White House East Wing Modernization Project ("the Project"). For the Project, AECOM Services, LLC is responsible for the design and engineering, and ▮▮▮▮▮ as their subconsultant, is responsible for structural engineering. I currently serve as a leader of the structural design team for the Project.

3. Throughout the course of my career, I have participated in, and overseen the design of, several large-scale commercial, institutional, and government projects in and around the Washington DC region.

4. As the leader of the structural design team for the Project, my duties consist of overseeing the structural design, which includes establishing appropriate building systems to support the architectural design proposed for this Project.

5. Given the national security concerns with aspects of the below grade structure, , I am limited in what aspects of that structure I can discuss publicly. Below is a description of those aspects of the Project I am able to convey in an open forum. I am available to provide the Court further details in an *in camera* setting as requested.

6. Currently, the below grade structure includes conventional foundation systems and subterranean concrete floor framing, walls and columns.

7. The design for the Project is in progress and continues to be developed. For example, my Firm's activities include on-going collaboration with other design consultants and project stakeholders necessary to complete the design.

8. Based on my review of the relevant materials and knowledge of the Project, the below-grade elements of the Project have been designed to support an above-grade Ballroom roughly the size and scale of that which was proposed at the January 8, 2026, meeting of the National Capital Planning Commission.

9. However, the primary foundation system for the structure can accommodate potential design changes to the configuration of the above-grade structure.

10. Those design changes could include things such as modifying the location of windows, doors, and stairs, as well as modest changes in the overall above grade massing (height and width) of the structure.

11. In addition, while the foundation system is currently based on the approximate scale of the Ballroom design presented on January 8, the foundation layout does not necessarily determine the placement of certain life-safety elements (such as stairs). Instead, the placement of those elements can still be modified later in the design process even after portions of the below-grade foundation have been constructed.

12. Further, it is possible to move sub-surface utilities and infrastructure once the foundation is constructed. While that process might be costly or time-consuming, provisions are being

incorporated into the design to accommodate the need for potential future changes. This is because, given the unique needs of the White House complex, the Government will need long-term flexibility to adapt the Project to future presidential and operational needs. These same provisions also provide flexibility to make adjustments to utilities and infrastructure for the current design.

13. In the event that a future change to the above grade structure is necessary, certain elements such as transfer girders, sloped columns, and other means can be incorporated to accommodate modifications to the architectural design, including adjustments to the façade pattern, overhangs, projections, and reductions in massing.

14. In sum, I have reviewed the declaration submitted by William J. Bates in this litigation, Docket. No. 20-2, and disagree with his conclusion that work performed to-date on the Project "predetermine[]s key aspects" of the above grade structure. In particular, and as noted above, design changes to the Project remain possible, including modifications to the placement of windows and doors, changes to massing, location of life-safety elements, and placement of sub-surface utilities and infrastructure.

15. I reserve the right to amend this Declaration upon receipt and knowledge of new and/or additional information. The statements made herein are made in accordance with the reasonable industry standard of care.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of January 2026.

