UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br>        Plaintiff,<br><br>       v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-04316-RJL |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPERT INSPECTION OF THE PROJECT SITE**

Plaintiff's Motion for Expert Inspection (ECF 31) is untimely and unjustified; the Court should deny it. Plaintiff is either seeking ordinary discovery under Federal Rule of Civil Procedure 34(a)(2), or expedited discovery in support of its preliminary injunction motion. But the former is premature even if appropriate at all, as discovery has not yet begun. And the latter is belated, as Plaintiff sought preliminary relief more than five weeks ago yet did not request a site visit until just two days before the hearing. In any event, a site inspection is both unnecessary and impractical. Unnecessary, because there is no basis to dispute the sworn declaration of "a leader of the structural design team for the Project" that below-ground construction will not dictate the final project's design, ECF 30-4 ¶¶ 2, 9-14, and because Plaintiff cannot secure preliminary relief for a host of independent reasons that Defendants have already briefed. And impractical, because national-security and safety concerns mean that Plaintiff's expert cannot simply show up at the White House and demand access to highly sensitive ongoing construction activities. For all these reasons, there is no basis to allow Plaintiff's expert to interfere with an ongoing presidential project, let alone to do so at this juncture.

1

1.      Courts in this district apply a "good cause standard" to "determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case." *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014).  Good cause is absent here, and Plaintiff's Motion puts the cart before the horse.  It invokes Federal Rule of Civil Procedure 34(a)(2), but the present litigation has not entered discovery; a Rule 26 conference has not been held; nor has Plaintiff formally served a discovery request under Rule 34 (or allowed for a 30-day period for Defendants to respond and/or object).  Plaintiff has not even attempted to satisfy the good-cause standard; indeed, it displays no acknowledgment of the procedural irregularity of its request.

2.      Insofar as Plaintiff believes expedited discovery is necessary to the resolution of its request for preliminary relief, it was required to make such a request much sooner, either in its original motion or at least in its supplemental brief.  Local Civil Rule 65.1(c) states that "[t]he application [for preliminary injunction] shall be supported by *all* affidavits on which the plaintiff intends to rely."  LCvR 65.1(c) (emphasis added).  This rule prevents unfair prejudice.  *Cf. New York Rehab. Care Mgmt., LLC v. N.L.R.B.*, 506 F.3d 1070, 1076 (D.C. Cir. 2007) ("[I]n order to prevent the 'sandbagging' of another party, 'we have generally held that issues not raised until the reply brief are waived.'").  Because Plaintiff can no longer submit additional declarations in support of its motion, any request for expedited discovery of this sort is too late.

Alternatively, if Plaintiff desires to present its expert's would-be findings as live testimony at the hearing rather than in the form of an affidavit, the opportunity to request live witnesses had expired before Plaintiff filed the present motion.  *See* LCvR 65.1(d) ("[A]ny party who wishes to offer live testimony or cross-examine an affiant at the hearing shall so request in writing 72 hours before the hearing and shall provide the Court and all other parties a list of the witnesses to be examined and an estimate of the time required.").  This avenue, too, is closed.

3. Setting procedure aside, Plaintiff fails to explain how its expert's tour of the project site would accomplish anything relevant. To start, as Defendants explained in their Supplemental Brief (ECF 30), Plaintiff is not entitled to preliminary relief for multiple legal reasons, regardless of the degree to which above-grade construction will be affected by below-grade construction—including lack of Article III standing, lack of a cause of action, lack of likely success on Plaintiff's claims, lack of irreparable harm, and the public interest in allowing the project to continue. By requesting discovery prior to the resolution of its preliminary injunction request (and Defendants' opportunity to respond to the complaint), Plaintiff again puts the cart before the horse.

Moreover, even on the specific question of how the below-grade work will affect the eventual above-grade design, Plaintiff provides no basis for doubting the sworn declaration of the structural engineer who is actually engaged on the project. Its witness is an architect, not a structural engineer, and is therefore ill-suited to testify about how the structural foundation work would or would not constrain the ability to alter the plans in the future.

And in any event, as the Court has already explained, to the extent Defendants engage in construction activities while Plaintiff's motion is pending, Defendants assume the risk. *See* ECF 17 at 3 ("If there *is* any below-grade construction that dictates the size or scale of the proposed ballroom *before* the Court can act on plaintiff's motion for a preliminary injunction, then the Government should be prepared to take it down depending on the Court's resolution of the merits of this case."). That warning confirms that a site visit is unnecessary at this time; back-end remedies are sufficient

4. Finally, there are national security concerns—as well as more ordinary safety concerns—that make a site visit impracticable, certainly under this highly expedited timeframe in advance of the hearing scheduled for Thursday. The details of the national security concerns have

been provided to the Court under separate cover.  See Defs.' Supp. Br. at 39.

*   *   *

Plaintiff's own Charter excludes from its purview "the White House and its grounds," id. at 6–7, yet it now seeks to act as a roaming Inspector General to enter the White House grounds to "verify the status" of construction.  Mot. at 2.  As a matter of substance, procedure, and logistics alike, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated: January 20, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY T. MAYERS
Counsel

/s/ Eitan R. Sirkovich
JOSEPH E. BORSON
Assistant Branch Director
EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Eitan.R.Sirkovich@usdoj.gov
(202) 353-5525

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

MARISSA A. PIROPATO
Deputy Chief

GREGORY M. CUMMING
Senior Attorney
MICHELLE RAMUS
MARK WIDERSCHEIN
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Gregory.Cumming@usdoj.gov
Michelle.Ramus@usdoj.gov
Mark.Widerschein@usdoj.gov
(202) 598-0414

*Counsel for Defendants*