IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-04316-RJL |

## DEFENDANTS' MOTION TO STRIKE DECLARATION

Defendants move to strike the declaration of Jonathan B. Jarvis submitted as an attachment to Plaintiff's reply in support of their motion for a preliminary injunction, Dkt. No. 33-1. For the reasons explained below, Plaintiff's submission is procedurally improper, runs contrary to established record-review principles to the extent it relates to Plaintiff's claims under the National Environmental Policy Act ("NEPA"), and, in any event, is irrelevant to this Court's consideration of Plaintiff's motion.[1]

As to the first, Local Civil Rule 65.1(c) plainly states that an "application [for preliminary injunction] shall be supported by all affidavits on which the plaintiff intends to rely," and that "[s]upplemental affidavits either to the application or the opposition may be filed only with permission of the Court." LCvR 65.1(c) (emphasis added). This Court routinely grants motions to strike declaration not filed in accordance with the local rules. *See, e.g.*, *Nat'l ATM Council, Inc. v. Visa*, No. 11-1803 (RJL), 2017 WL 2257327, at *5 (D.D.C. May 22, 2017); *see also John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 200 n.4 (D.D.C. 2017) (declining to consider

---

[1] Pursuant to Local Civil Rule 7(m), Defendants conferred with counsel for Plaintiff, who indicated Plaintiff opposes this motion and intends to file an opposition.

supplemental affidavits that were not filed in compliance with LCvR 65.1(c)); *Economic Res. Servs., Inc. v. Resolution Economics, LLC*, 140 F. Supp. 3d 47, 49 n.2 (D.D.C. 2015) (granting motion to strike reply brief and supplemental affidavits that were not filed in compliance with LCvR 65.1(c)); *Elk Assocs. Funding Corp. v. U.S. Small Business Admin*, 858 F. Supp. 2d 1, 26 (D.D.C. 2012) (holding that plaintiff "never sought this Court's leave to file its supplemental declaration and therefore it shall not be considered").  This rule is not a mere formality, but is intended to prevent the prejudice that would result from a party being permitted to make a new argument via a declaration without providing the opposing party an opportunity to respond.  *See Nat'l ATM Council*, 2017 WL 2257327, at *5 (explaining that plaintiff's failure to comply with the rule "precluded the defendants from responding to [the] declaration in writing").  Plaintiff made no request to seek leave, so the Jarvis Declaration should be struck for that reason alone.

      Alternatively, to the extent the project is reviewable under NEPA at all, the Court should strike the Jarvis Declaration because it invites the Court to consider extra-record evidence, which runs contrary to well-established record-review principles.  Under Section 706 of the Administrative Procedure Act, a court reviewing an agency's decision "review[s] the whole record or those parts of it cited by a party."  5 U.S.C. § 706.  "[T]he focal point for judicial review should [therefore] be the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  The Jarvis Declaration cannot be probative of Plaintiff's likelihood of success on the merits when the Court's review at that juncture will be circumscribed to the administrative record lodged by the agency.  *See* LCvR 7(n)(1).  Nor can Plaintiff use the fact that a record is not yet required to advance arguments based on what would plainly be extra-record material.

To that end, the D.C. Circuit has rejected the creation of "an exception which would enable parties challenging the propriety of [ ] agency action to submit expert affidavits to the reviewing court to supplement the administrative record." *Envt'l Def. Fund v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981). Instead, the court explained that a "judicial venture outside the record . . . can never, under *Camp v. Pitts*, examine the propriety of the decision itself." *Id.*; *see also Cape Hatteras Access Preservation All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 113 (D.D.C. 2009) "([C]onsideration of extra-record evidence in reviewing agency action is extraordinary."). Courts in this District regularly deny requests to supplement the record with so-called expert affidavits. *See, e.g.*, *Friends for Animals, Inc. v. Jewell*, 185 F. Supp. 3d 60, 65-66 (D.D.C. 2016); *see also San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 603-04 (9th Cir. 2014) (finding district court erred in admitting extra-record expert declarations because "post-decision information . . . may not be advanced as a new rationalization either for sustaining or attacking an agency's decision") (citation and quotations omitted). Here, Mr. Jarvis' declaration is particularly problematic because it is not merely an expert opinion, but an attempt to augment Plaintiffs' brief with additional legal arguments. The Court should strike the Jarvis Declaration for the same reasons.

Finally, the Jarvis Declaration is irrelevant to this Court's consideration of Plaintiff's likelihood of success on the merits. He improperly provides his views as to why he believes the National Park Service's ("NPS") Environmental Assessment ("EA") was insufficient, but in reviewing an agency's compliance with NEPA the Court must ask not "whether it agrees with the agency decision, but rather only whether the agency action was reasonable and reasonably explained." *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 180 (2025). Mr.

Jarvis' declaration is a thinly veiled legal opinion, and this Court does not need Mr. Jarvis to tell it what the law is.

Indeed, Mr. Jarvis's view as to whether NPS complied with NEPA does not (and cannot) address ultimate question before the court—whether any decision made by NPS "was reasonably explained." *Id*. In particular, the Department of the Interior recently revised its procedures for implementing NEPA after Mr. Jarvis left federal employment. *See* 90 Fed. Reg. 29,498 (July 3, 2025). So, Mr. Jarvis has no experience applying those new procedures, which governed the EA at issue here. Nor is his reference to Director's Order 12 (which is unenforceable in any event) relevant given that Order precedes both the agency's new NEPA procedures and Congress's 2023 amendments to NEPA. Pub. L 118-5 (June 3, 2023).

The Court should therefore strike the Jarvis Declaration.

Dated: January 21, 2026

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | ADAM R.F. GUSTAFSON<br>Principal Deputy Assistant Attorney General<br>Environment and Natural Resources Division |
| YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General | PETER M. TORSTENSEN, JR.<br>Deputy Assistant Attorney General |
| ERIC J. HAMILTON<br>Deputy Assistant Attorney General | MARISSA A. PIROPATO<br>Deputy Chief |
| BRANTLEY T. MAYERS<br>Counsel | */s/ GREGORY M. CUMMING*<br>GREGORY M. CUMMING<br>Senior Attorney |
| JOSEPH E. BORSON<br>Assistant Branch Director<br>EITAN R. SIRKOVICH<br>(D.C. Bar No. 90030102)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Eitan.R.Sirkovich@usdoj.gov<br>(202) 353-5525 | MICHELLE RAMUS<br>MARK WIDERSCHEIN<br>Trial Attorneys<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>Gregory.Cumming@usdoj.gov<br>Michelle.Ramus@usdoj.gov<br>Mark.Widerschein@usdoj.gov<br>(202) 598-0414 |

*Counsel for Defendants*