UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br>            Plaintiff,<br><br>      v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-04316-RJL |

**DEFENDANTS' RESPONSE IN OPPOSITION TO THE MOTION TO STRIKE**

The Court should deny Plaintiff's motion to strike. As this Court has stated, "this case is going to go to the D.C. Circuit, for certain, and, maybe, perhaps even to the Supreme Court." Oral Argument Tr. (Jan. 22, 2026) 47:8-11. Defendants' motion seeks to streamline that path to appeal for all parties, particularly given the important issues involved here. For good reason, parties routinely seek a stay in the alternative when responding to a motion for injunctive relief, especially in cases like this one that involve both time-sensitivity and national security. Nothing in the Federal Rules or any other source of law requires a party to wait until an injunction has issued before making that fallback request. And because the stay motion seeks new relief—*i.e.*, a stay of any preliminary injunction—it is not a sur-reply. The motion for a stay is procedurally proper, and the Court should grant it if the Court ultimately issues any preliminary relief.

**1.** Plaintiff's procedural argument ignores the equities in this case. Litigation against the President aimed at halting construction at the White House is as extraordinary as it gets, and any preliminary injunction, no matter its shape or scope, would work *immediate* irreparable harm, for reasons explained in the motion and in prior briefing. This is not "baseless speculation," ECF 41 (Mot.) at 3; it is the reality of the magnitude of the relief Plaintiff requests. *Ipse dixit* to the

contrary—that the Court can "craft any injunction to ensure the safety of the President," Mot. at 2—ignores the nature of the Project and the inherent limits of judicial remedies.

In light of the equities of this case, a motion to stay is prudent, not premature. The Court should consider whether to stay any injunction at the same time as its ruling on Plaintiff's motion for that injunction, rather than causing delay by waiting for another round of duplicative briefing on the merits and equities. Plaintiff points to nothing in the Federal Rules of Civil Procedure or any other source of law that would prohibit that approach. To the contrary, this is something courts do regularly. *See, e.g.*, *Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209, 233 (D.D.C. 2025) (staying a preliminary injunction "for fourteen days so that the parties may seek review in the Court of Appeals"); *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 793 F. Supp. 3d 19, 111 (D.D.C. 2025) (Moss, J.) (granting summary judgment but "postpon[ing] the effective date of its class-wide order for fourteen days to permit Defendants to seek a stay pending appeal from the Court of Appeals"); *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 784 F. Supp. 3d 1316, 1359 (N.D. Cal. 2025) (Illston, J.) (staying "two components of retrospective relief for the duration of any appeal of this injunctive order"); *see also Citizens for Resp. & Ethics in Washington v. Off. of Mgmt. & Budget*, 791 F. Supp. 3d 29, 60 (D.D.C. 2025) (Sullivan, J.) (granting summary judgment to plaintiffs but entering an administrative stay). Under these circumstances, the Court should not accept Plaintiff's invitation to insert needless delay into this case.

**2.** Plaintiff's second argument fares no better. A sur-reply relates back a pending motion before the Court and seeks relief on that motion. For example, a plaintiff can seek leave to file a sur-reply in opposition to a motion to dismiss. *See, e.g.*, *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 657 F. Supp. 2d 104, 116 (D.D.C. 2009) (Urbina, J.). There, the plaintiff is seeking the same judicial action—denial of the motion to dismiss—in both her initial

response and her sur-reply. Or, to offer an example on the facts here, a defendant can seek leave to file a sur-reply in opposition to a motion for a preliminary injunction. *See, e.g.*, *Lewis v. Becerra*, No. CV 18-2929, 2022 WL 123909, at *3 (D.D.C. Jan. 13, 2022) (Walton, J.). In any such sur-reply, the defendant would be asking the Court to deny the preliminary injunction, just as in its initial response.

When compared to the examples above, it is apparent that Defendants' motion for a stay is not "an unauthorized sur-reply." Mot. at 4. The motion for a stay seeks *new* relief—the stay of "any preliminary injunction pending appeal"—and does not seek relief on any motion currently pending before the Court. And, unlike in the case of a sur-reply, Plaintiff will be able to respond and oppose Defendants' motion. The overlap between Defendants' "prior arguments" and the arguments in the stay motion is immaterial. Mot. at 4. The standards for a preliminary injunction and for a stay share many of the same considerations, including the likelihood of success on the merits and the balance of harms. *Compare Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), *with Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The fact, then, that Defendants' stay motion—like any other stay motion—addresses those issues is a function of the standard for a stay pending appeal, not any "sharp practice." Mot. at 5.[1]

\*   \*   \*

For these reasons, the Court should deny Plaintiff's motion to strike Defendants' motion for a stay of any preliminary injunction pending appeal.

---

[1] To the extent the Court agrees with Plaintiff's characterization of the stay motion, Defendants respectfully request leave to file a sur-reply *nunc pro tunc*. The Court should exercise its discretion and consider Defendants' motion and the appended classified declaration as both will be "helpful in the resolution of this matter." *ForUsAll, Inc. v. United States Dep't of Lab.*, 691 F. Supp. 3d 14, 32 (D.D.C. 2023) (Cooper, J.).

Dated: February 5, 2026

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | ADAM R.F. GUSTAFSON<br>Principal Deputy Assistant Attorney General<br>Environment and Natural Resources Division |
| YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General | PETER M. TORSTENSEN, JR.<br>Deputy Assistant Attorney General |
| ERIC J. HAMILTON<br>Deputy Assistant Attorney General | MARISSA A. PIROPATO<br>Deputy Chief |
| BRANTLEY T. MAYERS<br>Counsel | GREGORY M. CUMMING<br>Senior Attorney<br>MICHELLE RAMUS |
| /s/ *Eitan R. Sirkovich*<br>JOSEPH E. BORSON<br>Assistant Branch Director<br>EITAN R. SIRKOVICH<br>(D.C. Bar No. 90030102)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Eitan.R.Sirkovich@usdoj.gov<br>(202) 353-5525 | MARK WIDERSCHEIN<br>Trial Attorneys<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>Gregory.Cumming@usdoj.gov<br>Michelle.Ramus@usdoj.gov<br>Mark.Widerschein@usdoj.gov<br>(202) 598-0414 |

*Counsel for Defendants*

4