UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES**, <br><br> *Plaintiff*, <br><br> v. <br><br> **NATIONAL PARK SERVICE**, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-4316 |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On February 26, 2026, the Court denied the motion of the National Trust for Historic Preservation in the United States ("National Trust") to preliminarily enjoin the Defendants' unlawful construction of a massive ballroom on the White House grounds ("Ballroom Project"). ECF 47; ECF 48. However, the Court stated that, if the National Trust were "to amend its complaint with the necessary *ultra vires* cause[s] of action to test the President's statutory authority, the Court will expeditiously consider it." ECF 47 at 22. This motion requests leave to do precisely that.[1]

Given the Court's willingness to "expeditiously consider" such an amended complaint, *id.*, and the Court's recognition that the construction the National Trust seeks to preliminarily enjoin "is well underway," *id.* at 11 n.2, the National Trust requests that the Court grant this motion promptly, enabling the National Trust to renew its motion for a preliminary injunction at the earliest reasonable opportunity.

---

[1] Pursuant to Local Rule 7(m), on February 26, 2026, undersigned counsel conferred by electronic mail with Defendants' counsel regarding their position on this motion. Defendants, through counsel, have indicated that they do not consent to a motion to amend at this time, and plan to evaluate the motion once filed.

1

\* \* \*

The Court's order acknowledged that the Defendants had belatedly "disclaimed any inherent constitutional authority" to construct the Ballroom, relying instead solely on supposed statutory delegation of authority from Congress. *Id.* at 19 (emphasis removed). The Defendants' newfound reliance on purely statutory defenses, the Court held, meant that the National Trust was, in turn, precluded from asserting any constitutional claims. *See id.* at 18, 20. As the National Trust had not pleaded any statutory *ultra vires* causes of action, "and the parties as a result [had] not briefed whether *ultra vires* review is available or whether Defendants' conduct rises to the level of acting *ultra vires*," the Court reasoned that it could not "reach the merits of the National Trust's novel and weighty statutory arguments."[2] *Id.* at 21-22. The Court noted the "incongru[ity]" of this result, *id.* at 20, but nevertheless considered it required by *Dalton v. Specter*, 511 U.S. 462 (1994), and *Global Health Council v. Trump*, 153 F.4th 1 (D.C. Cir. 2025), *see* ECF 47 at 16, 21.

Moreover, the Court recognized that the Defendants' claimed "source of legal authority to construct the ballroom" had not been "apparent before the National Trust brought its motion." *Id.* at 20. And the Court noted that, "to make things murkier, Defendants [had] initially suggested that there *was* a dispute about the President's constitutional authority" to carry out the Ballroom Project. *Id.* (emphasis in original). The Court therefore invited the National Trust to file an amended complaint asserting "*ultra vires* cause[s] of action to test the President's statutory authority" to construct the Ballroom. *Id.* at 22.

---

[2] Separately, the Court preliminarily concluded that the National Trust was not likely to succeed on the merits of its claims under the Administrative Procedure Act ("APA") because the Office of the Executive Residence ("EXR")—the entity to which the Defendants have transferred control of the Ballroom Project, in a transparent effort to evade APA review—was "likely not an 'agency' under the APA." ECF 47 at 13.

The National Trust now moves for leave to file a second amended complaint adding *ultra vires* counts, which it asserts in the alternative to its constitutional claims.[3] The Court should grant the motion. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, "leave to amend should accordingly be granted '[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

That standard is satisfied here. The National Trust's motion is not unduly delayed. This case was commenced less than three months ago; the Court's preliminary-injunction order issued yesterday; and, as the Court noted, the Defendants' decision to rely on solely statutory defenses (and to disclaim their previous position as to constitutional claims) became evident only in the Defendants' supplemental briefing, *see* ECF 47 at 20. For similar reasons, the National Trust's motion is not brought in bad faith, and does not prejudice the Defendants. Nor is the Trust's motion futile; to the contrary, the Court has acknowledged that the National Trust's statutory arguments are "weighty" and has previously expressed skepticism that the Defendants have statutory authority to build the Ballroom. *See, e.g.,* Jan. 21, 2026 Hrg. Tr. 29:8-15 ("[Section] 105[d] anticipates very small-sized projects, not a $400 million East Wing project."), 36:21-25 ("[W]here do you see in 105 the authority to the president to take down the East Wing and put up a new East

---

[3] Those counts pertain, respectively, to (1) 3 U.S.C. § 105(d); (2) 40 U.S.C. § 8106; (3) 54 U.S.C. § 100101(b)(2), known colloquially as the Redwood Amendment; and (4) 54 U.S.C. §§ 100301-100302 & 75 Stat. 586 (1961). A copy of the proposed second amended complaint is attached hereto as Exhibit A, and a comparison between it and the operative first amended complaint is attached hereto as Exhibit B.

Wing?"). Granting the National Trust leave to amend would serve the interests of justice—especially against the backdrop of the Defendants' shifting arguments in the course of this litigation.

Dated: February 27, 2026

Respectfully submitted,

NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES

By its attorneys,

 */s/ Matthew F. Casassa*
Gregory B. Craig (164640)
FOLEY HOAG LLP
1717 K Street N.W.
Washington, DC 20006.
Tel: (202) 223-1200

Thaddeus A. Heuer (*pro hac vice*)
Matthew F. Casassa (*pro hac vice*)
Jack C. Smith (1725229)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel. (617) 832-1000

## **CERTIFICATE OF SERVICE**

      I certify that on February 27, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent via first class mail to those indicated as non-registered participants.

                                                                   */s/ Matthew F. Casassa*