UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TRUST FOR HISTORIC
PRESERVATION IN THE UNITED
STATES,
                Plaintiff,

        v.

NATIONAL PARK SERVICE, *et al.*,

                Defendants.

Case No. 1:25-cv-04316-RJL

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS

Defendants respectfully move for leave to file the attached supplemental declarations to provide factual information in response to questions posed by the Court last week regarding the Economy Act and its use, both in general and in this case. One of the declarations is from the National Park Service (NPS), and the other is from the Executive Office of the President (EOP). As the Court is aware, both entities have unique equities in the East Wing Project due to the dual nature of the White House, as the President's home and office and as a national park.

As Defendants have consistently stated from the outset of this litigation, the EOP's Office of Executive Residence (EXR) is directing the East Wing Project.[1] But as Defendants have also consistently explained from the outset, the project is being funded in large part through donations to NPS, which NPS is empowered to accept in support of projects that are authorized by the NPS Organic Act. *See* 54 U.S.C. §§ 100101, 101101.[2] NPS determined that the East Wing Project was

---

[1] ECF 14 (Defs.' TRO Opp.) at 6; ECF 14-6 (Stanwich Decl.) ¶ 8; ECF 30 (Defs.' Supp. Br.) at 3; ECF 30-1 (Fisher Decl.) ¶ 8; ECF 30-3 (Supp. Bowron Decl.) ¶ 11.

[2] ECF 14-1 (Bowron Decl.) ¶¶ 5-6; Defs.' Supp. Br. at 34-35; Supp. Bowron Decl. ¶¶ 5-6, 12.

consistent with the fundamental purposes of the park unit and would not impair park resources, thereby enabling NPS to accept donated funds.[3]  To ensure that the project would be controlled by the executive entity best positioned to manage and direct it because of its specialized knowledge of the President's needs and duties, NPS contracted under the Economy Act, 31 U.S.C. § 1535, for EXR to conduct the project using the donated funds provided by NPS.[4]

Over the course of three separate rounds of briefing, the Trust never challenged NPS's use of the Economy Act to transfer funding and operational control to EXR.  Instead, the Trust argued only that the East Wing Project exceeded statutory authority under the NPS Organic Act because the project supposedly conflicts with the "values and purposes" of the White House as a unit of the National Park System.  *See* ECF 51-1 (Second PI Br.) at 14-16.  Defendants explained why that argument plainly fails under any applicable standard of review, *see* ECF 52 (Second PI Opp.) at 16-19, but did not separately elaborate on use of the Economy Act, which had not been put at issue under the APA or otherwise.

At the March 17 hearing, however, the Court asked counsel about the use of the Economy Act, both in general and specific to this case.  To assist the Court in its adjudication of Plaintiffs' second motion for a preliminary injunction, Defendants therefore respectfully move under Local Civil Rule 65.1(c) for leave to file the attached supplemental declarations, which provide further factual detail as to how both NPS and the White House have used the Economy Act in past instances and here.  Defendants also stand ready to provide additional legal briefing at the Court's request.  While the East Wing Project is undoubtedly significant in size and cost, Defendants continue to believe it is amply authorized by the laws that Congress has enacted.

---

[3] ECF 14-2 (FONSI); Supp. Bowron Decl. ¶ 9.

[4] Defs.' Supp. Br. at 34-35; Fisher Decl. ¶¶ 10, 12; Supp. Bowron Decl. ¶¶ 10-13.

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the Court should grant leave to file the attached supplemental declarations.[5]

Dated: March 23, 2026                    Respectfully submitted,

BRETT A. SHUMATE                    ADAM R.F. GUSTAFSON
Assistant Attorney General          Principal Deputy Assistant Attorney General
Civil Division                      Environment and Natural Resources Division

YAAKOV M. ROTH                      PETER M. TORSTENSEN, JR.
Principal Deputy Assistant Attorney General    Deputy Assistant Attorney General

ERIC J. HAMILTON                    MARISSA A. PIROPATO
Deputy Assistant Attorney General   Deputy Chief

/s/ *Brantley T. Mayers*            GREGORY M. CUMMING
BRANTLEY T. MAYERS                  Senior Attorney
(FL Bar. No. 1039996)               MICHELLE RAMUS
Counsel                             MARK WIDERSCHEIN
U.S. Department of Justice          Trial Attorneys
Civil Division                      U.S. Department of Justice
950 Pennsylvania Avenue, N.W.       Environment and Natural Resources Division
Washington, DC 20530                Natural Resources Section
Brantley.T.Mayers@usdoj.gov         950 Pennsylvania Avenue, N.W.
(202) 890-9874                      Washington, DC 20530
                                    Gregory.Cumming@usdoj.gov
                                    Michelle.Ramus@usdoj.gov
JOSEPH E. BORSON                    Mark.Widerschein@usdoj.gov
Assistant Branch Director           (202) 598-0414
EITAN R. SIRKOVICH
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

*Counsel for Defendants*

---

[5] Defendants conferred with the Trust's counsel, and the Trust's position is as follows: "The National Trust opposes Defendants' Motion for Leave to File a Supplemental Declaration concerning the Economy Act. The National Trust also takes the position that Defendants should not be permitted to submit the proposed Declaration to the Court—and urges the Court not to consider the proposed Declaration—unless and until the Defendants' Motion for Leave has first been granted. The National Trust will file an opposition to the Defendants' motion within the time provided by LCvR7(b) and reserves the right to file a responsive declaration."