**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES**, *Plaintiff*, v. **NATIONAL PARK SERVICE**, *et al.*, *Defendants*. | Civil Action No. 25-4316 |

## NOTICE OF INTENT TO FILE OPPOSITION AND SUPPLEMENTAL DECLARATION

Nearly a week after both the close of briefing and the conclusion of oral argument, the Defendants moved for leave to file two supplemental declarations regarding the Economy Act, 31 U.S.C. § 1535. ECF 55. The Defendants contend their unsolicited motion was filed "in response to questions posed by the Court" during the March 17 hearing. *Id.* at 1.

The National Trust intends to oppose the Defendants' motion on or before March 31, 2026, and (if warranted) move for leave to file any responsive declaration(s) by the same date. Given the combination of (1) the Defendants' preemptive declaration that they intend to appeal this Court's upcoming decision (ECF 52 at 37), and (2) their newfound (and belated) focus on the Economy Act, the Trust believes making these filings within the next seven days balances the need for exigency with the benefit to this Court (and the Circuit on appeal) of a more complete exposition of the relevance (if any) of the Economy Act.

Of course, the Defendants' assertion that the National Trust has "never challenged NPS's use of the Economy Act to transfer funding and operational control to EXR" is wrong. ECF 55 at 2. The Trust has consistently objected to the Defendants' purported use of the Economy Act as "illegal," ECF 33 at 9 (noting that the Defendants' "convoluted [funding] process is illegal"), 14-

15 (explaining how use of the Economy Act to transfer funds for the Ballroom Project violates the Redwood Amendment); *see also* ECF 51-1 at 4, 10 (similar). And the Trust expressly pleaded that objection in its second amended complaint, *see* ECF 50 ¶ 213. Nonetheless, the Defendants insisted on submitting two supplemental declarations with alleged "further factual detail" about the Economy Act, ECF 55 at 2. Under the circumstances, a further response from the Trust is both relevant and appropriate.

The National Trust therefore gives notice that on or before March 31, 2026, it intends to file an opposition to the Defendants' motion for leave, and may also seek leave to file any responsive declaration(s).

Dated: March 25, 2026                    Respectfully submitted,

                                         NATIONAL TRUST FOR HISTORIC
                                         PRESERVATION IN THE UNITED STATES

                                         By its attorneys,

                                          */s/ Matthew F. Casassa*
                                         Gregory B. Craig (164640)
                                         FOLEY HOAG LLP
                                         1717 K Street N.W.
                                         Washington, DC 20006.
                                         Tel: (202) 223-1200

                                         Thaddeus A. Heuer (*pro hac vice*)
                                         Matthew F. Casassa (*pro hac vice*)
                                         Jack C. Smith (1725229)
                                         FOLEY HOAG LLP
                                         155 Seaport Boulevard
                                         Suite 1600
                                         Boston, MA 02210
                                         Tel. (617) 832-1000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 25, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent via first class mail to those indicated as non-registered participants.

<i>/s/ Matthew F. Casassa</i>