APPEAL,TYPE−D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25−cv−04316−RJL</u>

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES v. NATIONAL PARK SERVICE et al | Date Filed: 12/12/2025 |
| Assigned to: Judge Richard J. Leon | Jury Demand: None |
| Related Case:  1:26−cv−00029−RJL | Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| Case in other court:  USCA, 26−05101 | Jurisdiction: U.S. Government Defendant |
|            USCA, 26−05108 | |

Cause: 05:0706 Judicial Review of Agency Actions

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES** | represented by | **Thaddeus A. Heuer**<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>617−832−1187<br>Fax: 617−832−7000<br>Email: <u>theuer@foleyhoag.com</u><br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jack C. Smith**<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>617−832−1119<br>Email: <u>jcsmith@foleyhoag.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **Matthew Casassa**<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>617−832−1116<br>Email: <u>mcasassa@foleyhoag.com</u><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gregory Bestor Craig**<br>FOLEY HOAG LLP<br>1717 K Street, NW<br>Suite 1200<br>Washington, DC 20006<br>202−261−7415<br>Fax: 202−785−6687<br>Email: <u>gcraig@foleyhoag.com</u> |

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NATIONAL PARK SERVICE**                    represented by    **Mark James Widerschein**
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
150 M St. NE
Washington, DC 20002
202−532−5803
Email: mark.widerschein@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
DOJ−Enrd
P.O. Box 7611
Washington, DC 20044
202−598−6660
Email: michelle.m.ramus@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
DOJ−Enrd
Environment and Natural Resources
Division
950 Pennsylvania Ave NW
Washington, DC 20530
202−718−0703
Email: adam.gustafson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
DOJ−Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202−890−9874
Email: brantley.t.mayers@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
DOJ−Civ
1100 L Street NW
Room 12310
Washington, DC 20005
585−694−1124
Email: eitan.r.sirkovich@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
150 M Street, N.E.
Suite 2.900
Washington, DC 20002
202–598–0414
Email: gregory.cumming@usdoj.gov
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
1717 Poplar Lane NW
Washington, DC 20012
617–921–9132
Email: yaakov.m.roth@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
U.S. DEPARTMENT OF JUSTICE
ENRD
P.O. Box 7611
Washington, DC 20044–7611
(202) 305–0470
Email: marissa.piropato@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **JESSICA BOWRON**<br>*in her official capacity as ACTING DIRECTOR, NATIONAL PARK SERVICE* | represented by | **Mark James Widerschein**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)

*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN STANWICH**                    represented by    **Mark James Widerschein**
*in his official capacity as*                         (See above for address)
*SUPERINTENDENT, THE WHITE*                           *LEAD ATTORNEY*
*HOUSE AND PRESIDENT'S PARK*                          *ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF THE INTERIOR**       represented by    **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUGLAS BURGUM**                    represented by  **Mark James Widerschein**
*in his official capacity as SECRETARY*                (See above for address)
*OF THE INTERIOR*                                      *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michelle M. Nkeng**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Adam R.F. Gustafson**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Brantley Mayers**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Eitan Sirkovich**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GENERAL SERVICES
ADMINISTRATION**

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL J. RIGAS**
*in his official capacity as ACTING*
*ADMINISTRATOR, GENERAL*
*SERVICES ADMINISTRATION*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP**
*in his official capacity as PRESIDENT*
*OF THE UNITED STATES*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

7

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EXECUTIVE OFFICE OF THE PRESIDENT**                   represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSIE WILES**                   represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF THE EXECUTIVE
RESIDENCE**

represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT DOWNING**

represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2025 | 1 | COMPLAINT against JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP ( Filing fee $ 405 receipt number ADCDC–12131689) filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons – National Park Service, # 2 Summons – Jessica Bowron, # 3 Summons – John Stanwich, # 4 Summons – Department of the Interior, # 5 Summons – Douglas Burgum, # 6 Summons – General Services Administration, # 7 Summons – Michael J. Rigas, # 8 Summons – Donald J. Trump, # 9 Civil Cover Sheet)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | 2 | MOTION for Temporary Restraining Order *and Preliminary Injunction* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Elizabeth S. Merritt, # 3 Declaration of Alison K. Hoagland, # 4 Declaration of Gregory B. Craig, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Exhibit M, # 18 Exhibit N, # 19 Exhibit O, # 20 Exhibit P, # 21 Exhibit Q, # 22 Exhibit R, # 23 Exhibit S, # 24 Exhibit T, # 25 Exhibit U, # 26 Exhibit V, # 27 Exhibit W, # 28 Exhibit X, # 29 Exhibit Y, # 30 Exhibit Z, # 31 Exhibit AA, # 32 Exhibit BB, # 33 Exhibit CC, # 34 Exhibit DD, # 35 Exhibit EE, # 36 Text of Proposed Order for Temporary Restraining Order, # 37 Text of Proposed Order for Preliminary Injunction)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | | Case Assigned to Judge Richard J. Leon. (zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | 3 | NOTICE of Appearance by Jack C. Smith on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | 4 | SUMMONS (8) Issued Electronically as to All Defendants. (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: Missing summonses– U.S. government. When naming a U.S. government agent or agency as a defendant, you must supply a summons for each defendant & two additional |

| | | |
|---|---|---|
| | | summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue. (zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | 5 | REQUEST FOR SUMMONS TO ISSUE *Attorney General Pamela Bondi* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons Jeanine Ferris Pirro, U.S. Attorney for the District of Columbia)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | 6 | SUMMONS (2) Issued Electronically as to U.S. Attorney and U.S. Attorney General (mg) (Entered: 12/12/2025) |
| 12/12/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Thaddeus Alan Heuer, Filing fee $ 100, receipt number ADCDC–12133043. Fee Status: Fee Paid. by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A – Declaration of Thaddeus Alan Heuer, # 2 Exhibit B – Proposed Order)(Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew Francis Casassa, Filing fee $ 100, receipt number ADCDC–12133071. Fee Status: Fee Paid. by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A – Declaration of Matthew Francis Casassa, # 2 Exhibit B – Proposed Order)(Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | | MINUTE ORDER. Regarding plaintiff's 2 Motion for a Temporary Restraining Order and Preliminary Injunction, defendants are hereby ORDERED to file a response by Monday, December 15, 2025 at 5:00 PM. The Court will hold a hearing on the motion on Tuesday, December 16, 2025 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/12/2025. (lcrjl2) (Entered: 12/12/2025) |
| 12/12/2025 | 9 | NOTICE of Appearance by Michelle M. Ramus on behalf of All Defendants (Ramus, Michelle) (Entered: 12/12/2025) |
| 12/12/2025 | 10 | NOTICE of Appearance by Mark James Widerschein on behalf of All Defendants (Widerschein, Mark) (Entered: 12/12/2025) |
| 12/12/2025 | 11 | NOTICE of Appearance by Gregory Martin Cumming on behalf of JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP (Cumming, Gregory) (Main Document 11 replaced on 12/15/2025) (mg). (Entered: 12/12/2025) |
| 12/15/2025 | 12 | NOTICE of Appearance by Adam R.F. Gustafson on behalf of All Defendants (Gustafson, Adam) (Entered: 12/15/2025) |
| 12/15/2025 | 13 | MOTION for Leave to File *DECLARATION EX PARTE, IN CAMERA* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP. (Widerschein, Mark) (Entered: 12/15/2025) |
| 12/15/2025 | 14 | Memorandum in opposition to re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1A, # 3 Exhibit 1B, # 4 Exhibit |

11

| | | |
|---|---|---|
| | | 1C, # <u>5</u> Exhibit 1D, # <u>6</u> Exhibit 2, # <u>7</u> Exhibit 2A, # <u>8</u> Exhibit 2B, # <u>9</u> Exhibit 3, # <u>10</u> Exhibit 4, # <u>11</u> Exhibit 5)(Widerschein, Mark) (Entered: 12/15/2025) |
| 12/15/2025 | <u>15</u> | ERRATA *Notice* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP re <u>14</u> Memorandum in Opposition,,. (Attachments: # <u>1</u> Errata Memorandum in Opposition)(Cumming, Gregory) (Entered: 12/15/2025) |
| 12/16/2025 | <u>16</u> | NOTICE of Appearance by Marissa Ann Piropato on behalf of All Defendants (Piropato, Marissa) (Main Document 16 replaced on 12/17/2025) (mg). (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of plaintiff's <u>7</u> Motion to Admit Thaddeus Alan Heuer Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Thaddeus Alan Heuer be, and hereby is, admitted pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of plaintiff's <u>8</u> Motion to Admit Matthew Francis Casassa Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Matthew Francis Casassa be, and hereby is, admitted pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of defendants' <u>13</u> MOTION for Leave to File Declaration Ex Parte, In Camera, it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | Minute Entry for Motion Hearing held on 12/16/2025 before Judge Richard J. Leon. Oral arguments submitted on Plaintiff's Motion <u>2</u> for Temporary Restraining Order and Preliminary Injunction . Court takes matter under advisement. Forthcoming Order. Court Reporter: Lisa Edwards. (zljn) Modified text to correct event type on 12/18/2025 (zljn). (Entered: 12/16/2025) |
| 12/17/2025 | <u>17</u> | MEMORANDUM ORDER denying in part and deferring in part <u>2</u> Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. See attached Memorandum Order for details. Consistent with the attached Memorandum Order, a hearing on plaintiff's motion for preliminary injunction is set for January 15, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. The parties shall file supplemental briefing as follows: Plaintiff's brief due December 29, 2025. // Defendants' response due January 8, 2026. // Plaintiff's reply due January 12, 2026. SO ORDERED. Signed by Judge Richard J. Leon on 12/17/2025. (lcrjl2) (Entered: 12/17/2025) |
| 12/17/2025 | <u>18</u> | TRANSCRIPT OF MOTION HEARING before Judge Richard J. Leon held on December 16, 2025; Page Numbers: 1−38. Date of Issuance: December 17, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354−3269, Transcripts may be ordered by submitting the <u>Transcript Order Form</u>   For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

| | | |
|---|---|---|
| | | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/7/2026. Redacted Transcript Deadline set for 1/17/2026. Release of Transcript Restriction set for 3/17/2026.(Edwards, Lisa) (Entered: 12/17/2025) |
| 12/29/2025 | 19 | AMENDED COMPLAINT against All Defendants filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons Executive Office of the President, # 2 Summons Susie Wiles, # 3 Summons Office of the Executive Residence, # 4 Summons Robert B. Downing, # 5 Summons U.S. Attorney General Pamela Bondi, # 6 Summons U.S. Attorney for the District of Columbia Jeanine Pirro)(Smith, Jack) (Entered: 12/29/2025) |
| 12/29/2025 | 20 | SUPPLEMENTAL MEMORANDUM to re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Appendix, # 2 Declaration of William J. Bates, # 3 Exhibit A to Bates Declaration, # 4 Text of Proposed Order)(Smith, Jack) (Entered: 12/29/2025) |
| 12/30/2025 | 21 | SUMMONS (6) Issued Electronically as to ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, OFFICE OF THE EXECUTIVE RESIDENCE, SUSIE WILES, U.S. Attorney and U.S. Attorney General (mg) (Entered: 12/30/2025) |
| 12/30/2025 | 22 | MOTION to Modify *Schedule* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Text of Proposed Order)(Cumming, Gregory) (Entered: 12/30/2025) |
| 12/31/2025 | 23 | Memorandum in opposition to re 22 MOTION to Modify *Schedule* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A)(Smith, Jack) (Entered: 12/31/2025) |
| 12/31/2025 | | MINUTE ORDER. Upon consideration of 22 defendants' Motion to Modify Schedule, it is hereby ORDERED that defendants' motion is GRANTED in part and DENIED in part. It is further ORDERED that defendants shall file their supplemental memorandum by January 15, 2026. Plaintiff shall file its reply by January 20, 2026. It is hereby ORDERED the hearing currently set for January 15, 2026 at 3:30 PM is VACATED and CONTINUED to January 22, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/31/2025. (lcrjl2) (Entered: 12/31/2025) |
| 01/02/2026 | 24 | NOTICE of Appearance by Matthew Casassa on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Casassa, Matthew) (Entered: 01/02/2026) |

| 01/15/2026 | 25 | NOTICE *of Lodging Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES re Order on Motion for Leave to File (Cumming, Gregory) (Entered: 01/15/2026) |
|---|---|---|
| 01/15/2026 | 26 | NOTICE of Appearance by Jacob M. Roth on behalf of All Defendants (Roth, Jacob) (Entered: 01/15/2026) |
| 01/15/2026 | 27 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Engineering Declaration, # 2 Text of Proposed Order Proposed Order)(Cumming, Gregory) (Entered: 01/15/2026) |
| 01/15/2026 | 28 | NOTICE of Appearance by Brantley Mayers on behalf of All Defendants (Mayers, Brantley) (Entered: 01/15/2026) |
| 01/15/2026 | 29 | NOTICE of Appearance by Eitan Sirkovich on behalf of All Defendants (Sirkovich, Eitan) (Entered: 01/15/2026) |
| 01/15/2026 | 30 | SUPPLEMENTAL MEMORANDUM to re Order on Motion to Modify,,, Set/Reset Deadlines/Hearings,, filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Exhibit A– Fisher Declaration, # 2 Exhibit B– Martin Declaration, # 3 Exhibit C– Bowron Declaration, # 4 Exhibit D– Redacted Engineering Declaration, # 5 Exhibit E– Quinn Declaration)(Cumming, Gregory) (Entered: 01/15/2026) |
| 01/20/2026 | 31 | MOTION for Order *Permitting Expert Inspection of the Ballroom Project Site* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Attachment A)(Smith, Jack) (Entered: 01/20/2026) |
| 01/20/2026 | 32 | Memorandum in opposition to re 31 MOTION for Order *Permitting Expert Inspection of the Ballroom Project Site* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 01/20/2026) |
| 01/20/2026 | 33 | REPLY to opposition to motion re 2 Motion for TRO, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Declaration of Jonathan B. Jarvis)(Smith, Jack) Modified event on 1/29/2026 (mg). (Entered: 01/20/2026) |
| 01/21/2026 | 34 | NOTICE of Appearance by Thaddeus A. Heuer on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Heuer, Thaddeus) |

14

| | | |
|---|---|---|
| | | (Entered: 01/21/2026) |
| 01/21/2026 | | MINUTE ORDER. Regarding defendants' 27 Sealed Motion for Leave to File Under Seal, it is hereby ORDERED that the motion is GRANTED. Regarding plaintiff's 31 Motion for Expert Inspection of the Ballroom Project Site, it is hereby ORDERED that the motion is DENIED for lack of good cause and in light of the national security concerns raised by defendants. SO ORDERED. Signed by Judge Richard J. Leon on 1/21/2026. (lcrjl2) (Entered: 01/21/2026) |
| 01/21/2026 | 35 | MOTION to Strike 33 Supplemental Memorandum, *Jarvis Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Cumming, Gregory) (Entered: 01/21/2026) |
| 01/21/2026 | 36 | Memorandum in opposition to re 35 MOTION to Strike 33 Supplemental Memorandum, *Jarvis Declaration* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Smith, Jack) (Entered: 01/21/2026) |
| 01/21/2026 | 37 | SEALED DOCUMENT (DECLARATION) filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 01/22/2026) |
| 01/22/2026 | | Minute Entry for Preliminary Injunction Hearing held on 1/22/2026 before Judge Richard J. Leon. Oral arguments submitted on Plaintiff's Motion 2 for Preliminary Injunction. Court takes matter under advisement. Forthcoming Order. Court Reporter: Timothy Miller. (zljn) (Entered: 01/22/2026) |
| 01/26/2026 | 38 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Richard J. Leon held on 1–22–26; Page Numbers: 1–48; Date of Issuance: 1–26–26; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/16/2026. Redacted Transcript Deadline set for 2/26/2026. Release of Transcript Restriction set for 4/26/2026.(Miller, Timothy) (Entered: 01/26/2026) |

| 02/02/2026 | 39 | MOTION to Stay *Any Preliminary Injunction Pending Appeal* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 02/02/2026) |
|---|---|---|
| 02/02/2026 | 40 | NOTICE *of Lodging Second Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (Sirkovich, Eitan) (Entered: 02/02/2026) |
| 02/04/2026 | 41 | MOTION to Strike 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 02/04/2026) |
| 02/04/2026 | 42 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/15/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 2/13/2026.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JESSICA BOWRON served on 12/29/2025; DOUGLAS BURGUM served on 12/30/2025; DEPARTMENT OF THE INTERIOR served on 12/30/2025; GENERAL SERVICES ADMINISTRATION served on 12/29/2025; NATIONAL PARK SERVICE served on 12/29/2025; MICHAEL J. RIGAS served on 12/29/2025; JOHN STANWICH served on 12/29/2025; DONALD J. TRUMP served on 1/7/2026, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 12/16/2025. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Casassa, Matthew) (Entered: 02/04/2026) |
| 02/05/2026 | 43 | Memorandum in opposition to re 41 MOTION to Strike 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 02/05/2026) |
| 02/06/2026 | 44 | Unopposed MOTION for Extension of Time to *Respond to Plaintiff's Amended Complaint* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Ramus, Michelle) (Entered: 02/06/2026) |
| 02/17/2026 | 45 | Memorandum in opposition to re 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 02/17/2026) |
| 02/18/2026 |  | MINUTE ORDER. Upon consideration of the defendants' 44 Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, it is hereby |

16

| | | |
|---|---|---|
| | | ORDERED that the motion is GRANTED nunc pro tunc. Defendants shall answer or otherwise respond to plaintiff's 19 Amended Complaint fourteen (14) days after the Court rules on plaintiff's 2 Motion for Preliminary Injunction. SO ORDERED. Signed by Judge Richard J. Leon on 2/18/2026. (lcrjl2) (Entered: 02/18/2026) |
| 02/20/2026 | 46 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 1/5/2026., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/5/2026. ( Answer due for ALL FEDERAL DEFENDANTS by 3/6/2026.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT DOWNING served on 2/9/2026; EXECUTIVE OFFICE OF THE PRESIDENT served on 1/14/2026; OFFICE OF THE EXECUTIVE RESIDENCE served on 1/15/2026; SUSIE WILES served on 1/14/2026 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Casassa, Matthew) (Entered: 02/20/2026) |
| 02/26/2026 | 47 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 2/26/2026. (lcrjl2) (Entered: 02/26/2026) |
| 02/26/2026 | 48 | ORDER. Consistent with the attached, plaintiff's 2 Motion for Preliminary Injunction is DENIED. See Order for details. Signed by Judge Richard J. Leon on 2/26/2026. (lcrjl2) (Entered: 02/26/2026) |
| 02/27/2026 | 49 | MOTION for Leave to File *Second Amended Complaint* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Casassa, Matthew) (Entered: 02/27/2026) |
| 03/01/2026 | | MINUTE ORDER. Upon consideration of the plaintiff's 49 Motion for Leave to File Second Amended Complaint, it is hereby ORDERED that the motion is GRANTED. See Fed. R. Civ. P. 15(a)(2). The Clerk is directed to docket plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief [49–1]. SO ORDERED. Signed by Judge Richard J. Leon on 3/1/2026. (lcrjl2) (Entered: 03/01/2026) |
| 03/01/2026 | 50 | Second AMENDED COMPLAINT against All Defendants filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES.(mg) (Entered: 03/02/2026) |
| 03/05/2026 | 51 | Second MOTION for Preliminary Injunction by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Casassa, Matthew) (Entered: 03/05/2026) |
| 03/05/2026 | | MINUTE ORDER. Regarding plaintiff's 51 Second Motion for Preliminary Injunction, defendants are hereby ORDERED to file a response no later than Thursday, March 12, 2026 at 5:00 PM. Plaintiff shall file a reply, if any, no later than Monday, March 16, 2026 at 5:00 PM. The Court will hold a hearing on the motion on Tuesday, March 17, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 3/5/2026. (lcrjl2) (Entered: 03/05/2026) |
| 03/12/2026 | 52 | Memorandum in opposition to re 51 Second MOTION for Preliminary Injunction filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Declaration |

| | | |
|---|---|---|
| | | Ex. A – Suppl. Stidham Decl., # 2 Declaration Ex. B – Suppl. Martin Decl.)(Sirkovich, Eitan) (Entered: 03/12/2026) |
| 03/13/2026 | 53 | NOTICE *OF AVAILABILITY OF IN–PERSON INSPECTION* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES re 51 Motion for Preliminary Injunction (Sirkovich, Eitan) (Entered: 03/13/2026) |
| 03/16/2026 | 54 | REPLY to opposition to motion re 51 Motion for Preliminary Injunction filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 03/16/2026) |
| 03/17/2026 | | Minute Entry for Preliminary Injunction Hearing held before Judge Richard J. Leon on March 17, 2026. Oral arguments submitted on Plaintiff's Second Motion 51 for Preliminary Injunction. Court takes matter under advisement. Forthcoming Order. Court Reporter: Timothy Miller. (zljn) (Entered: 03/17/2026) |
| 03/23/2026 | 55 | MOTION for Leave to File *Supplemental Declarations* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Proposed Order, # 2 Second Suppl. Bowron Declaration, # 3 Second Suppl. Martin Declaration)(Mayers, Brantley) (Entered: 03/23/2026) |
| 03/25/2026 | 56 | NOTICE *of Intent to File Opposition and Supplemental Declaration* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Casassa, Matthew) (Entered: 03/25/2026) |
| 03/26/2026 | 57 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Richard J. Leon held on 3–17–26; Page Numbers: 1–36; Date of Issuance: 3–26–26; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/16/2026. Redacted Transcript Deadline set for 4/26/2026. Release of Transcript Restriction set for 6/24/2026.(Miller, Timothy) (Entered: 03/26/2026) |

| 03/27/2026 | 58 | NOTICE OF WITHDRAWAL OF APPEARANCE as to JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. Attorney Gregory Martin Cumming terminated. (Cumming, Gregory) (Entered: 03/27/2026) |
|---|---|---|
| 03/30/2026 | 59 | NOTICE *of Lodging Third Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (Mayers, Brantley) (Entered: 03/30/2026) |
| 03/31/2026 | 60 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 3/31/2026. (lcrjl2) (Entered: 03/31/2026) |
| 03/31/2026 | 61 | VACATED and SUPERSEDED PURSUANT TO 73 ORDER FILED 4/16/2026.....ORDER. Consistent with the attached, plaintiff's 51 Motion for Preliminary Injunction is GRANTED. See Order for details. Signed by Judge Richard J. Leon on 3/31/2026. (lcrjl2) Modified docket text on 4/16/2026 (zljn). (Entered: 03/31/2026) |
| 03/31/2026 | 62 | ENTERED IN ERROR.....NOTICE of Appeal as to 61 Order on Motion for Preliminary Injunction, Order on Motion for Leave to File, 60 Memorandum & Opinion by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) Modified on 4/1/2026, refiled at docket entry 63 (mg). (Entered: 03/31/2026) |
| 03/31/2026 | 63 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 61 Order on Motion for Preliminary Injunction, Order on Motion for Leave to File, 60 Memorandum & Opinion by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. Fee Status: No Fee Paid. (mg) (Entered: 04/01/2026) |
| 04/01/2026 | 64 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 63 Notice of Appeal to DC Circuit Court. (mg) (Entered: 04/01/2026) |
| 04/01/2026 | | USCA Case Number 26–5101 for 63 Notice of Appeal to DC Circuit Court, filed by ROBERT DOWNING, JOHN STANWICH, DONALD J. TRUMP, DOUGLAS BURGUM, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, EXECUTIVE OFFICE OF THE PRESIDENT, SUSIE WILES, MICHAEL J. RIGAS, GENERAL SERVICES ADMINISTRATION. (mg) (Entered: 04/01/2026) |
| 04/01/2026 | 65 | |

| | | |
|---|---|---|
| | | MOTION to Clarify *Preliminary Injunction* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 04/01/2026) |
| 04/08/2026 | 66 | NOTICE OF CROSS APPEAL as to 48 Order, Preliminary Injunction, 47 Memorandum & Opinion by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. Filing fee $ 605, receipt number ADCDC−12347960. Fee Status: Fee Paid. Parties have been notified. (Craig, Gregory) (Entered: 04/08/2026) |
| 04/08/2026 | 67 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 66 Notice of Cross Appeal,. (znmw) (Entered: 04/08/2026) |
| 04/08/2026 | | USCA Case Number 26−5108 for 66 Notice of Cross Appeal, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (zjm) (Entered: 04/08/2026) |
| 04/11/2026 | 68 | MANDATE of USCA as to 66 Notice of Cross Appeal, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES, 63 Notice of Appeal to DC Circuit Court, filed by ROBERT DOWNING, JOHN STANWICH, DONALD J. TRUMP, DOUGLAS BURGUM, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, EXECUTIVE OFFICE OF THE PRESIDENT, SUSIE WILES, MICHAEL J. RIGAS, GENERAL SERVICES ADMINISTRATION ; USCA Case Number 26−5101. (Attachments: # 1 USCA Order 4/11/2026)(mg) (Entered: 04/13/2026) |
| 04/13/2026 | | MINUTE ORDER. In light of the court of appeals' requirement that this Court respond promptly to its per curiam order, see Order, Nat'l Tr. for Historic Pres. v. NPS, No. 26−5101 (D.C. Cir. Apr. 11, 2026), if the defendants intend to respond to plaintiff's 65 Motion to Clarify, defendants are ordered to file their response no later than Tuesday, April 14, 2026 at 4:00 PM. SO ORDERED. Signed by Judge Richard J. Leon on 4/13/2026. (lcrjl2) (Entered: 04/13/2026) |
| 04/13/2026 | 69 | Memorandum in opposition to re 65 MOTION to Clarify *Preliminary Injunction* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Quinn Declaration)(Mayers, Brantley) (Entered: 04/13/2026) |
| 04/14/2026 | 70 | REPLY to opposition to motion re 65 Motion to Clarify filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 04/14/2026) |
| 04/14/2026 | 71 | MOTION to Stay *Preliminary Injunction* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Text of Proposed Order)(Mayers, Brantley) (Entered: 04/14/2026) |
| 04/16/2026 | 72 | |

| | | |
|---|---|---|
| | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 4/16/2026. (lcrjl2) (Entered: 04/16/2026) |
| 04/16/2026 | 73 | ORDER. Consistent with the attached, the Court's 61 Order is hereby VACATED and SUPERSEDED by this Order. It is further ORDERED that plaintiff's 65 Motion for Clarification is GRANTED and defendants' 71 Motion to Extend Administrative Stay of Preliminary Injunction is GRANTED in part and DENIED in part. See Order for details. Signed by Judge Richard J. Leon on 4/16/2026. (lcrjl2) (Entered: 04/16/2026) |
| 04/16/2026 | 74 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 73 Order on Motion to Clarify,, Order on Motion to Stay, by DOUGLAS BURGUM, JESSICA BOWRON, GENERAL SERVICES ADMINISTRATION, DONALD J. TRUMP, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, SUSIE WILES, JOHN STANWICH, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR. Fee Status: No Fee Paid. (Sirkovich, Eitan) (Entered: 04/16/2026) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-04316-RJL |

## **<u>NOTICE OF APPEAL</u>**

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of

Appeals for the District of Columbia Circuit from this Court's Order entered at ECF No. 73.

Dated: April 16, 2026               Respectfully submitted,

1

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY T. MAYERS
Counsel

/s/ *Eitan R. Sirkovich*
JOSEPH E. BORSON
Assistant Branch Director
EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Eitan.R.Sirkovich@usdoj.gov
(202) 353-5525

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

MARISSA A. PIROPATO
Deputy Chief

MICHELLE RAMUS
MARK WIDERSCHEIN
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Michelle.Ramus@usdoj.gov
Mark.Widerschein@usdoj.gov
(202) 598-0414

*Counsel for Defendants*

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Case No. 25-4316 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED ORDER**
April 16th, 2026 [Dkt. #65, 71]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Court's March 31, 2026 Order [Dkt. #61] is **VACATED** and **SUPERSEDED** by this Order; and it is further

**ORDERED** that Plaintiff's Second Motion for Preliminary Injunction [Dkt. #51] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Clarify [Dkt. #65] is **GRANTED**; and it is further

**ORDERED** that the National Park Service; Jessica Bowron, in her official capacity as Acting Director, National Park Service; John Stanwich, in his official capacity as Superintendent, the White House and President's Park; the Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; the General Services

1

Administration; Michael J. Rigas, in his official capacity as Acting Administrator, General Services Administration; the Executive Office of the President; Susie Wiles, in her official capacity as White House Chief of Staff; the Office of the Executive Residence; and Robert B. Downing, in his official capacity as White House Chief Usher (together, "Defendants"), and any agents of Defendants or any other persons working at their direction or in active concert therewith, are preliminarily **ENJOINED** from taking any action in furtherance of the above-ground, physical construction of the proposed ballroom at the former site of the East Wing of the White House; and it is further

**ORDERED** that this Order does not prohibit below-ground construction, including below-ground construction of national security facilities, as well as above-ground construction short of constructing the proposed above-ground ballroom that is strictly necessary to cover, secure, and protect such national security facilities, provided that any such construction will not lock in the above-ground size and scale of the ballroom; and it is further

**ORDERED** that this Order does not prohibit measures strictly necessary to provide for the personal safety of the President and his staff short of constructing the proposed above-ground ballroom and provided that any such construction will not lock in the above-ground size and scale of the ballroom; and it is further

**ORDERED** that this Order does not prohibit construction strictly necessary to ensure the safety, security, and structural integrity of the White House, the White House grounds, and the below-ground construction site—including waterproofing, water management, structural reinforcement, and sealing off exposed construction areas—short

2

of constructing the proposed above-ground ballroom and provided that any such construction will not lock in the above-ground size and scale of the ballroom; and it is further

**ORDERED** that, subject to the safety-and-security exceptions above, no such work shall proceed absent express authorization from Congress; and it is further

**ORDERED** that Defendants' counsel shall provide written notice of this Order to all officers, agents, successors, servants, employees, and attorneys of Defendants, as well as any other persons working at their direction, in active concert therewith, or subject to Defendants' control; and it is further

**ORDERED** that Defendants' Motion to Extend Administrative Stay of Preliminary Injunction [Dkt. #71] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that this Order shall take effect seven (7) days after its issuance; and it is further

**ORDERED** that Defendants shall file a status report apprising the Court of the status of their compliance with this Order no later than twenty-one (21) days after the date the Order takes effect; and it is further

**ORDERED** that the security requirement is hereby waived, *see* Fed. R. Civ. P. 65(c).

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Case No. 25-4316 (RJL) |
| v. | ) ) | |
| NATIONAL PARK SERVICE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**
April 16ᵗʰ, 2026 [Dkt. #65, 71]

On March 31, 2026, I granted the motion of the National Trust for Historic Preservation in the United States ("National Trust") for a preliminary injunction to halt construction of a ballroom on White House grounds as *ultra vires*. In recognition of the national security and presidential security concerns raised by the ongoing construction project, I excluded from the scope of the injunction "actions strictly necessary to ensure the safety and security of the White House and its grounds, including the ballroom construction site, and provide for the personal safety of the President and his staff." Defendants now seek to turn this exception on its head and unreasonably insist that the entire ballroom project may proceed. Based on the record before me, I cannot possibly agree, but I will clarify the scope of the injunction as described below.

1

## BACKGROUND

On March 31, 2026, I granted the National Trust's motion for a preliminary injunction. *See* Mem. Op. [Dkt. #60]; Prelim. Inj. Order [Dkt. #61]. The Order preliminarily enjoined Defendants (excluding the President) from "taking any action in furtherance of the physical development of the proposed ballroom at the former site of the East Wing of the White House, including but not limited to any further demolition, site preparation work, landscape alteration, excavation, foundation work, or other construction or related work[.]" Prelim. Inj. Order at 2. My Order excluded from the scope of the injunction "actions strictly necessary to ensure the safety and security of the White House and its grounds, including the ballroom construction site, and provide for the personal safety of the President and his staff" (the "safety-and-security exception"). *Id.*

On April 1, the National Trust, citing public statements by the President interpreting my Order, filed a motion for clarification of the preliminary injunction ("Motion to Clarify"). *See* Mot. for Clarification [Dkt. #65]. Defendants meanwhile, not surprisingly, filed an appeal and an emergency motion to stay. *See* Emergency Mot. for Stay Pending Appeal, *Nat'l Tr. for Hist. Pres. v. NPS*, No. 26-5101 (D.C. Cir. Apr. 3, 2026) [Dkt. #2167119]. On April 11, our Circuit Court remanded the case "with instructions to promptly address the pending motion to clarify how the injunction and its exception ensure safety and security pending litigation" and extended my temporary stay of the preliminary injunction to April 17, 2026. Order, *Nat'l Tr. for Hist. Pres. v. NPS*, No. 26-5101 (D.C. Cir. Apr. 11, 2026) ("Per Curiam Order") [Dkt. #2168165]. On April 13, Defendants filed their opposition ("Defs.' Opp'n") [Dkt. #69] to the National Trust's motion to clarify and

2

attached a Secret Service declaration.  *See* Decl. of U.S. Secret Service Deputy Director Matthew C. Quinn ("Third Quinn Decl.") [Dkt. #69-1].  On April 14, the National Trust filed a reply in support of its motion.  Reply in Supp. of Mot. for Clarification ("Reply") [Dkt. #70].  That same day, Defendants filed a motion seeking a further 14-day stay of the preliminary injunction.  Mot. to Extend Administrative Stay of Prelim. Inj. [Dkt. #71].  The motions are now ripe for decision.

### DISCUSSION

Defendants argue that the entire ballroom construction project, from tip to tail, falls within the safety-and-security exception and therefore may proceed unabated.  That is neither a reasonable nor a correct reading of my Order!  My Order preliminarily enjoined Defendants (excluding the President) from "taking any action in furtherance of the physical development of the proposed ballroom."  Prelim. Inj. Order at 2.  The accompanying opinion stated that "the ballroom construction project must *stop* until Congress authorizes its completion."  Mem. Op. at 1 (emphasis added).  It is, to say the least, incredible, if not disingenuous, that Defendants now argue that my Order does *not* stop ballroom construction because of the safety-and-security exception!

For the reasons that follow, I will further clarify and amend my Order to stop only above-ground construction of the planned ballroom.  My Amended Order does not, however, stop below-ground construction of national security facilities, work necessary to provide for presidential security, and construction necessary to protect and secure the White House and the construction site itself.

*First,* limiting the scope of the injunction to above-ground construction directly

3

addresses the National Trust's irreparable harm, which stems from the above-ground, visible construction of the ballroom. *See* Mem. Op. at 29–32; *see also* Pl.'s Mem. in Supp. of Prelim. Inj. [Dkt. #51-1] at 24–25 ("[T]he National Trust has never requested . . . that the Court enjoin construction of a *bunker*. The National Trust is simply requesting that the Court enjoin construction of the *Ballroom*."). My Order barring above-ground construction provides "complete relief" to the National Trust, while minimizing the "burden[]" to Defendants through the safety-and-security exception. *See Trump v. CASA, Inc.*, 606 U.S. 831, 852 (2025) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

*Second*, the injunction excludes only below-ground construction because, throughout this case, Defendants raised discrete national security concerns about construction of *underground* elements. Early on, Defendants argued that "security concerns . . . warrant[ed] permitting the current below-grade construction to continue." Defs.' TRO Opp'n [Dkt. #15-1] at 27; *see also* TRO Hr'g Tr. [Dkt. #18] at 20:22-24 ("[T]he below-ground work that's occurring now has nothing to do with Plaintiff's asserted aesthetic injury, and that work must continue for national security reasons."). Specifically, Defendants indicated that national security-related facilities are being constructed below ground. *See, e.g.*, Defs.' Suppl. Br. [Dkt. #30] at 41 (referencing a "security bunker" and stating that "an injunction halting construction would endanger national security").

The exception for underground national security facilities does not include the proposed ballroom because Defendants themselves distinguished between below-ground and above-ground construction, stating that "the below-surface work is driven by national security concerns *independent of* the above-grade construction." Defs.' Suppl. Br. at 39

4

(emphasis added); *see also* Decl. of Professional Engineer [Dkt. #30-4] at ¶ 5 (referencing the "national security concerns with aspects of the below grade structure"). Defendants also repeatedly represented that the project's below-ground elements do not "lock in" the design of the above-ground ballroom. Defs.' Suppl. Br. at 4; *see also* Defs.' Mot. to Modify Schedule [Dkt. #22] ¶ 4; Defs.' Mot. to Stay [Dkt. #39] at 2; *cf.* Decl. of John Stanwich ("Stanwich Decl.") [Dkt. #14-6] ¶ 21 (noting the below-ground elements could be "constructed as planned while the above grade design is finalized").

Defendants now brazenly assert that below-ground construction has "been done with th[e] expectation of what would go above," and that the "project is a single, coherent whole." Third Quinn Decl. ¶ 7. Defendants argue that security-related elements of the ballroom, such as "missile-resistant steel columns and beams, drone-proof roofing, and bullet- and blast-proof glass windows" will "advance safety and security interests as part of an inseparable whole." Defs.' Opp'n at 3. Defendants further argue that "leaving the site as it stands poses serious safety and security threats that can only be addressed by proceeding with construction as planned." *Id.* In my view, these arguments fail to justify Defendants' extraordinary, if not disingenuous, reading of my preliminary injunction Order.

Indeed, Defendants' latest representations that "the entire project advances critical national-security objectives as an integrated whole," *see* Defs.' Opp'n at 1, are in direct conflict with Defendants' prior representations that the above-ground and below-ground portions of the project were "independent of" one another, *see* Defs.' Suppl. Br. at 39. Defendants now insist that the "overall above-ground ballroom is necessary to

5

accommodate and effectuate the below-ground additions (including by providing adequate, reinforced cover)." Defs.' Opp'n at 3. But Defendants do not explain why the proposed 90,000-square-foot ballroom—the source of the National Trust's claimed injury and likely unauthorized by statute—is required for security purposes *now*. Instead, the supporting declaration states merely that an "above-ground slab and topping structure is [sic] needed" to protect the underground elements. Third Quinn Decl. ¶ 7; *see also id.* ¶ 6 ("[L]eaving nothing on top of the below-ground construction is not an option."). As I clarify below, Defendants may, consistent with the injunction, cover and secure the below-ground construction while litigation proceeds. Further, while Defendants predicted in December that above-ground construction would begin, at the earliest, this month, *see* Stanwich Decl. ¶ 20, Defendants, to date, have not provided any updates on whether the below-ground facilities are ready for a "topping structure."

The fact that the ballroom is planned to include security features such as bullet-proof windows and a drone-proof roof does not bring the structure within the scope of the exception. While these features may well be beneficial, Defendants have not provided any national security justification for why these features must be installed *immediately* such that they should be excluded from the scope of the injunction. Nor does it appear Defendants could install these features immediately even if they wanted to. As noted by our Circuit Court, the ballroom's planned security features are still months, if not years, away from being realized—belying Defendants' argument that an inability to implement those features *now* imposes irreparable harm. Per Curiam Order at 3; Defs.' Opp'n at 4 (acknowledging that "the project is expected to take another two years until completion").

6

Defendants' insistence that leaving the site "dormant" poses additional security risks also fails. As an initial matter, my Amended Order permits below-ground construction, measures for presidential security, and measures to secure the grounds. Further, I previously rejected Defendants' argument that "any construction delay will undermine national security," Mem. Op. at 33, because—and here is the bottom line—Defendants themselves forged ahead and created this "coordinated and managed safety hazard" on White House grounds, *id.* (quoting Decl. of U.S. Secret Service Deputy Director Matthew C. Quinn ("Second Quinn Decl.") [Dkt. #30-5] ¶ 8).

Defendants' four classified *ex parte* declarations, all of which I reviewed and have taken into consideration, *see* Mem. Op. at 33 n.20, shed no further light on the question of whether the above-ground ballroom is necessary for national security. Without more, I cannot find that above-ground construction of the proposed ballroom *must* proceed.[1]

Apart from the below-ground national security facilities, Defendants have identified two additional categories of construction "necessary" for presidential security and the safety of the White House grounds. Second Quinn Decl. ¶ 6. Defendants indicated that the Secret Service is "coordinat[ing] with the [ballroom] contractor on . . . temporary measures to ensure the security and safety of the President, the First Family, and the White House complex." Decl. of U.S. Secret Service Deputy Director Matthew C. Quinn ("First

---

[1] To be sure, Defendants have, at times, represented that it would be "unworkable to distinguish between construction elements that are national-security related and those that are not." Defs.' Mot. to Stay [Dkt. #39] at 2; Defs.' Opp'n to Renewed Mot. for Prelim. Inj. at 36. Arguments about workability are distinct from asserting that the entire ballroom is a national security imperative. In any event, my Amended Order permitting below-ground construction mitigates at least some workability concerns.

7

Quinn Decl.") [Dkt. #14-11] ¶ 7.  According to the Secret Service, "[t]hese outstanding security projects are expected to require additional weeks or months to complete." Second Quinn Decl. ¶¶ 5–6.

Defendants have also indicated a need to preserve and protect the structural integrity of the White House and to protect the construction site itself from deterioration due to the elements.  *See* Second Quinn Decl. ¶ 6 (noting that "continued waterproofing and water management is necessary to maintain the integrity of security elements throughout the Complex as flooding poses risks to infrastructure, utilities, and other critical systems"); Defs.' Suppl. Br. at 40 (explaining that "below-ground work on waterproofing, security improvements, and utility infrastructure will have to take place at some point regardless of what is erected above-ground"); Defs.' Opp'n to Renewed Mot. for Prelim. Inj. [Dkt. #52] at 34 (halting all construction "would expose the Executive Mansion to damage").  Both categories of construction activities may proceed.

*    *    *

In light of the National Trust's motion and the parties' arguments, and in consideration of Defendants' concerns about national security and presidential security, I will hereby clarify and amend my preliminary injunction Order to specify that *below-ground construction* may proceed, including the construction of any "top-secret excavations, bunkers, bomb-shelters, protective partitioning, military installations, and hospital and medical facilities," as well as such above-ground construction strictly

8

necessary to cover, secure, and protect such facilities. Defs.' Opp'n at 2. The Amended Order permits "temporary measures," First Quinn Decl. ¶ 7, which have already been in place, to provide for the personal security of the President. The Amended Order also permits construction necessary to protect the project site and to protect the structural integrity of the White House complex, including waterproofing, water management, and resolving construction risks such as "uncovered rebar and exposed cables around the site." Third Quinn Decl. ¶ 4. However, the injunction does *not* permit above-ground construction of the proposed ballroom.

The Court has taken Defendants' invocation of national security and presidential security seriously throughout this case, which is why I included a safety-and-security exception in my original Order. But national security is not a blank check to proceed with otherwise unlawful activity, and belated assertions that the above-ground ballroom is "inseparable" from an array of security features, *see* Defs.' Opp'n at 3, are not an occasion for this Court to reweigh the equities or reconsider the preliminary injunction! In my view, the safety-and-security exception, as clarified, permits measures critical to national and presidential security to move forward pending final resolution of this case and any appeal.[2]

---

[2] Defendants insist that their arguments about national security cannot be subject to "judicial second-guessing." Defs.' Opp'n at 4. Indeed, precedent "counsel[s] deference in national security matters." *Ctr. for Nat'l Sec. Stud. v. U.S. Dep't of Just.*, 331 F.3d 918, 927 (D.C. Cir. 2003). But judicial deference is not the same as withholding judicial review altogether. *See id.* at 928 (applying deference "so long as the government's declarations raise *legitimate* concerns [about] national security" (emphasis added)); *see also United States v. Zubaydah*, 595 U.S. 195, 205 (2022) (in context of military secrets privilege, a "court must decide for itself whether the occasion is appropriate for claiming the privilege"); *TikTok Inc. v. Garland*, 604 U.S. 56, 82 (2025) (Gorsuch, J., concurring in the judgment) (noting that the Supreme Court "decline[d] to consider the classified evidence the government has submitted to us"). Indeed, two of my colleagues recently granted preliminary injunctions notwithstanding the Government's invocation of national security concerns and reliance on classified declarations. *See* Hr'g Tr. at 43:11–14, 44:4–10, *Rhode Island v. U.S.*

9

I will close by noting that I have no desire or intention to be dragooned into the role of construction manager. Contrary to Defendants' suggestion, I have never required Defendants to "request and receive written approval" before proceeding with construction. Defs.' Opp'n at 4. The purpose of this opinion is merely to clarify that the injunction does, in fact, stop construction of the above-ground ballroom. I trust that Defendants will be able to implement my Amended Order in good faith and with the benefit of this clarification once my Amended Order goes into effect. In recognition of Defendants' concerns and for the reasons stated in my opinion, *see* Mem. Op. at 34, I will extend the temporary stay by seven (7) days after the issuance of this opinion and Amended Order.[3]

For the foregoing reasons, it is hereby **ORDERED** that the National Trust's Motion to Clarify [Dkt. #65] is **GRANTED**, and Defendants' Motion to Extend Administrative Stay of Preliminary Injunction [Dkt. #71] is **GRANTED** in part and **DENIED** in part. An Amended Order will issue contemporaneously with this opinion.

RICHARD J. LEON
United States District Judge

---

*Dep't of Interior*, No. 25-cv-4328 (D.D.C. filed Jan. 12, 2026) [Dkt. #55] (noting government's "failure to explain or apply . . . [the] stated national security reason"); Min. Order, *Empire Leaseholder LLC v. Burgum*, No. 26-cv-4 (D.D.C. filed Jan. 15, 2026).

[3] The Court gives fair notice to Defendants, however, that any above-ground construction over the next seven days that is not in compliance with my Amended Order is at risk of being taken down pending the resolution of this case.

10