APPEAL,TYPE−D

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:25−cv−04316−RJL</u>

NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES v. NATIONAL PARK SERVICE et al
Assigned to: Judge Richard J. Leon
Related Case:  1:26−cv−00029−RJL
Case in other court:  USCA, 26−05101
USCA, 26−05108
USCA, 26−05123
Cause: 05:0706 Judicial Review of Agency Actions

Date Filed: 12/12/2025
Jury Demand: None
Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES** | represented by | **Thaddeus A. Heuer** <br> FOLEY HOAG, LLP <br> 155 Seaport Boulevard <br> Boston, MA 02210 <br> 617−832−1187 <br> Fax: 617−832−7000 <br> Email: <u>theuer@foleyhoag.com</u> <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |

**Jack C. Smith**
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
617−832−1119
Email: <u>jcsmith@foleyhoag.com</u>
*ATTORNEY TO BE NOTICED*

**Matthew Casassa**
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
617−832−1116
Email: <u>mcasassa@foleyhoag.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory Bestor Craig**
FOLEY HOAG LLP
1717 K Street, NW
Suite 1200
Washington, DC 20006
202−261−7415
Fax: 202−785−6687

1

Email: gcraig@foleyhoag.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **NATIONAL PARK SERVICE** | represented by | **Mark James Widerschein** |

U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
150 M St. NE
Washington, DC 20002
202–532–5803
Email: mark.widerschein@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
DOJ–Enrd
P.O. Box 7611
Washington, DC 20044
202–598–6660
Email: michelle.m.ramus@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
DOJ–Enrd
Environment and Natural Resources
Division
950 Pennsylvania Ave NW
Washington, DC 20530
202–718–0703
Email: adam.gustafson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
DOJ–Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202–890–9874
Email: brantley.t.mayers@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
DOJ–Civ
1100 L Street NW
Room 12310
Washington, DC 20005
585–694–1124
Email: eitan.r.sirkovich@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
150 M Street, N.E.
Suite 2.900
Washington, DC 20002
202−598−0414
Email: gregory.cumming@usdoj.gov
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
1717 Poplar Lane NW
Washington, DC 20012
617−921−9132
Email: yaakov.m.roth@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
U.S. DEPARTMENT OF JUSTICE
ENRD
P.O. Box 7611
Washington, DC 20044−7611
(202) 305−0470
Email: marissa.piropato@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**JESSICA BOWRON**
*in her official capacity as ACTING
DIRECTOR, NATIONAL PARK
SERVICE*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**

3

(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **JOHN STANWICH** | represented by | **Mark James Widerschein** |

*in his official capacity as*
*SUPERINTENDENT, THE WHITE*
*HOUSE AND PRESIDENT'S PARK*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **DEPARTMENT OF THE INTERIOR** | represented by | **Mark James Widerschein** |

(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUGLAS BURGUM**
*in his official capacity as SECRETARY*
*OF THE INTERIOR*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

5

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GENERAL SERVICES
ADMINISTRATION**                          represented by   **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL J. RIGAS**
*in his official capacity as ACTING*
*ADMINISTRATOR, GENERAL*
*SERVICES ADMINISTRATION*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP**
*in his official capacity as PRESIDENT*
*OF THE UNITED STATES*

represented by **Mark James Widerschein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EXECUTIVE OFFICE OF THE PRESIDENT**              represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSIE WILES**              represented by **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF THE EXECUTIVE RESIDENCE**                 represented by   **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT DOWNING**                 represented by   **Gregory Martin Cumming**
(See above for address)
*TERMINATED: 03/27/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle M. Nkeng**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brantley Mayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob M. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2025 | 1 | COMPLAINT against JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP ( Filing fee $ 405 receipt number ADCDC–12131689) filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons – National Park Service, # 2 Summons – Jessica Bowron, # 3 Summons – John Stanwich, # 4 Summons – Department of the Interior, # 5 Summons – Douglas Burgum, # 6 Summons – General Services Administration, # 7 Summons – Michael J. Rigas, # 8 Summons – Donald J. Trump, # 9 Civil Cover Sheet)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | 2 | MOTION for Temporary Restraining Order *and Preliminary Injunction* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Elizabeth S. Merritt, # 3 Declaration of Alison K. Hoagland, # 4 Declaration of Gregory B. Craig, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Exhibit M, # 18 Exhibit N, # 19 Exhibit O, # 20 Exhibit P, # 21 Exhibit Q, # 22 Exhibit R, # 23 Exhibit S, # 24 Exhibit T, # 25 Exhibit U, # 26 Exhibit V, # 27 Exhibit W, # 28 Exhibit X, # 29 Exhibit Y, # 30 Exhibit Z, # 31 Exhibit AA, # 32 Exhibit BB, # 33 Exhibit CC, # 34 Exhibit DD, # 35 Exhibit EE, # 36 Text of Proposed Order for Temporary Restraining Order, # 37 Text of Proposed Order for Preliminary Injunction)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | | Case Assigned to Judge Richard J. Leon. (zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | 3 | NOTICE of Appearance by Jack C. Smith on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | 4 | SUMMONS (8) Issued Electronically as to All Defendants. (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: Missing summonses– U.S. government. When naming a U.S. government agent or agency as a defendant, you must supply a summons for each defendant & two additional |

| | | |
|---|---|---|
| | | summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue. (zmtm) (Entered: 12/12/2025) |
| 12/12/2025 | 5 | REQUEST FOR SUMMONS TO ISSUE *Attorney General Pamela Bondi* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons Jeanine Ferris Pirro, U.S. Attorney for the District of Columbia)(Craig, Gregory) (Entered: 12/12/2025) |
| 12/12/2025 | 6 | SUMMONS (2) Issued Electronically as to U.S. Attorney and U.S. Attorney General (mg) (Entered: 12/12/2025) |
| 12/12/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Thaddeus Alan Heuer, Filing fee $ 100, receipt number ADCDC–12133043. Fee Status: Fee Paid. by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A – Declaration of Thaddeus Alan Heuer, # 2 Exhibit B – Proposed Order)(Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew Francis Casassa, Filing fee $ 100, receipt number ADCDC–12133071. Fee Status: Fee Paid. by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A – Declaration of Matthew Francis Casassa, # 2 Exhibit B – Proposed Order)(Smith, Jack) (Entered: 12/12/2025) |
| 12/12/2025 | | MINUTE ORDER. Regarding plaintiff's 2 Motion for a Temporary Restraining Order and Preliminary Injunction, defendants are hereby ORDERED to file a response by Monday, December 15, 2025 at 5:00 PM. The Court will hold a hearing on the motion on Tuesday, December 16, 2025 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/12/2025. (lcrjl2) (Entered: 12/12/2025) |
| 12/12/2025 | 9 | NOTICE of Appearance by Michelle M. Ramus on behalf of All Defendants (Ramus, Michelle) (Entered: 12/12/2025) |
| 12/12/2025 | 10 | NOTICE of Appearance by Mark James Widerschein on behalf of All Defendants (Widerschein, Mark) (Entered: 12/12/2025) |
| 12/12/2025 | 11 | NOTICE of Appearance by Gregory Martin Cumming on behalf of JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP (Cumming, Gregory) (Main Document 11 replaced on 12/15/2025) (mg). (Entered: 12/12/2025) |
| 12/15/2025 | 12 | NOTICE of Appearance by Adam R.F. Gustafson on behalf of All Defendants (Gustafson, Adam) (Entered: 12/15/2025) |
| 12/15/2025 | 13 | MOTION for Leave to File *DECLARATION EX PARTE, IN CAMERA* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP. (Widerschein, Mark) (Entered: 12/15/2025) |
| 12/15/2025 | 14 | Memorandum in opposition to re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1A, # 3 Exhibit 1B, # 4 Exhibit |

| | | |
|---|---|---|
| | | 1C, # <u>5</u> Exhibit 1D, # <u>6</u> Exhibit 2, # <u>7</u> Exhibit 2A, # <u>8</u> Exhibit 2B, # <u>9</u> Exhibit 3, # <u>10</u> Exhibit 4, # <u>11</u> Exhibit 5)(Widerschein, Mark) (Entered: 12/15/2025) |
| 12/15/2025 | 15 | ERRATA *Notice* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP re <u>14</u> Memorandum in Opposition,,. (Attachments: # <u>1</u> Errata Memorandum in Opposition)(Cumming, Gregory) (Entered: 12/15/2025) |
| 12/16/2025 | 16 | NOTICE of Appearance by Marissa Ann Piropato on behalf of All Defendants (Piropato, Marissa) (Main Document 16 replaced on 12/17/2025) (mg). (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of plaintiff's <u>7</u> Motion to Admit Thaddeus Alan Heuer Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Thaddeus Alan Heuer be, and hereby is, admitted pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of plaintiff's <u>8</u> Motion to Admit Matthew Francis Casassa Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Matthew Francis Casassa be, and hereby is, admitted pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | MINUTE ORDER. Upon consideration of defendants' <u>13</u> MOTION for Leave to File Declaration Ex Parte, In Camera, it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Richard J. Leon on 12/16/2025. (lcrjl2) (Entered: 12/16/2025) |
| 12/16/2025 | | Minute Entry for Motion Hearing held on 12/16/2025 before Judge Richard J. Leon. Oral arguments submitted on Plaintiff's Motion <u>2</u> for Temporary Restraining Order and Preliminary Injunction . Court takes matter under advisement. Forthcoming Order. Court Reporter: Lisa Edwards. (zljn) Modified text to correct event type on 12/18/2025 (zljn). (Entered: 12/16/2025) |
| 12/17/2025 | 17 | MEMORANDUM ORDER denying in part and deferring in part <u>2</u> Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. See attached Memorandum Order for details. Consistent with the attached Memorandum Order, a hearing on plaintiff's motion for preliminary injunction is set for January 15, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. The parties shall file supplemental briefing as follows: Plaintiff's brief due December 29, 2025. // Defendants' response due January 8, 2026. // Plaintiff's reply due January 12, 2026. SO ORDERED. Signed by Judge Richard J. Leon on 12/17/2025. (lcrjl2) (Entered: 12/17/2025) |
| 12/17/2025 | 18 | TRANSCRIPT OF MOTION HEARING before Judge Richard J. Leon held on December 16, 2025; Page Numbers: 1–38. Date of Issuance: December 17, 2025. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354–3269, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

|  |  | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |
|---|---|---|
|  |  | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/7/2026. Redacted Transcript Deadline set for 1/17/2026. Release of Transcript Restriction set for 3/17/2026.(Edwards, Lisa) (Entered: 12/17/2025) |
| 12/29/2025 | 19 | AMENDED COMPLAINT against All Defendants filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Summons Executive Office of the President, # 2 Summons Susie Wiles, # 3 Summons Office of the Executive Residence, # 4 Summons Robert B. Downing, # 5 Summons U.S. Attorney General Pamela Bondi, # 6 Summons U.S. Attorney for the District of Columbia Jeanine Pirro)(Smith, Jack) (Entered: 12/29/2025) |
| 12/29/2025 | 20 | SUPPLEMENTAL MEMORANDUM to re 2 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Appendix, # 2 Declaration of William J. Bates, # 3 Exhibit A to Bates Declaration, # 4 Text of Proposed Order)(Smith, Jack) (Entered: 12/29/2025) |
| 12/30/2025 | 21 | SUMMONS (6) Issued Electronically as to ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, OFFICE OF THE EXECUTIVE RESIDENCE, SUSIE WILES, U.S. Attorney and U.S. Attorney General (mg) (Entered: 12/30/2025) |
| 12/30/2025 | 22 | MOTION to Modify *Schedule* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Text of Proposed Order)(Cumming, Gregory) (Entered: 12/30/2025) |
| 12/31/2025 | 23 | Memorandum in opposition to re 22 MOTION to Modify *Schedule* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A)(Smith, Jack) (Entered: 12/31/2025) |
| 12/31/2025 |  | MINUTE ORDER. Upon consideration of 22 defendants' Motion to Modify Schedule, it is hereby ORDERED that defendants' motion is GRANTED in part and DENIED in part. It is further ORDERED that defendants shall file their supplemental memorandum by January 15, 2026. Plaintiff shall file its reply by January 20, 2026. It is hereby ORDERED the hearing currently set for January 15, 2026 at 3:30 PM is VACATED and CONTINUED to January 22, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/31/2025. (lcrjl2) (Entered: 12/31/2025) |
| 01/02/2026 | 24 | NOTICE of Appearance by Matthew Casassa on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Casassa, Matthew) (Entered: 01/02/2026) |

13

| | | |
|---|---|---|
| 01/15/2026 | 25 | NOTICE *of Lodging Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES re Order on Motion for Leave to File (Cumming, Gregory) (Entered: 01/15/2026) |
| 01/15/2026 | 26 | NOTICE of Appearance by Jacob M. Roth on behalf of All Defendants (Roth, Jacob) (Entered: 01/15/2026) |
| 01/15/2026 | 27 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Engineering Declaration, # 2 Text of Proposed Order Proposed Order)(Cumming, Gregory) (Entered: 01/15/2026) |
| 01/15/2026 | 28 | NOTICE of Appearance by Brantley Mayers on behalf of All Defendants (Mayers, Brantley) (Entered: 01/15/2026) |
| 01/15/2026 | 29 | NOTICE of Appearance by Eitan Sirkovich on behalf of All Defendants (Sirkovich, Eitan) (Entered: 01/15/2026) |
| 01/15/2026 | 30 | SUPPLEMENTAL MEMORANDUM to re Order on Motion to Modify,,, Set/Reset Deadlines/Hearings,, filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Exhibit A– Fisher Declaration, # 2 Exhibit B– Martin Declaration, # 3 Exhibit C– Bowron Declaration, # 4 Exhibit D– Redacted Engineering Declaration, # 5 Exhibit E– Quinn Declaration)(Cumming, Gregory) (Entered: 01/15/2026) |
| 01/20/2026 | 31 | MOTION for Order *Permitting Expert Inspection of the Ballroom Project Site* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Attachment A)(Smith, Jack) (Entered: 01/20/2026) |
| 01/20/2026 | 32 | Memorandum in opposition to re 31 MOTION for Order *Permitting Expert Inspection of the Ballroom Project Site* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 01/20/2026) |
| 01/20/2026 | 33 | REPLY to opposition to motion re 2 Motion for TRO, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Declaration of Jonathan B. Jarvis)(Smith, Jack) Modified event on 1/29/2026 (mg). (Entered: 01/20/2026) |
| 01/21/2026 | 34 | NOTICE of Appearance by Thaddeus A. Heuer on behalf of NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Heuer, Thaddeus) |

14

| | | |
|---|---|---|
| | | (Entered: 01/21/2026) |
| 01/21/2026 | | MINUTE ORDER. Regarding defendants' 27 Sealed Motion for Leave to File Under Seal, it is hereby ORDERED that the motion is GRANTED. Regarding plaintiff's 31 Motion for Expert Inspection of the Ballroom Project Site, it is hereby ORDERED that the motion is DENIED for lack of good cause and in light of the national security concerns raised by defendants. SO ORDERED. Signed by Judge Richard J. Leon on 1/21/2026. (lcrjl2) (Entered: 01/21/2026) |
| 01/21/2026 | 35 | MOTION to Strike 33 Supplemental Memorandum, *Jarvis Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Cumming, Gregory) (Entered: 01/21/2026) |
| 01/21/2026 | 36 | Memorandum in opposition to re 35 MOTION to Strike 33 Supplemental Memorandum, *Jarvis Declaration* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Smith, Jack) (Entered: 01/21/2026) |
| 01/21/2026 | 37 | SEALED DOCUMENT (DECLARATION) filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 01/22/2026) |
| 01/22/2026 | | Minute Entry for Preliminary Injunction Hearing held on 1/22/2026 before Judge Richard J. Leon. Oral arguments submitted on Plaintiff's Motion 2 for Preliminary Injunction. Court takes matter under advisement. Forthcoming Order. Court Reporter: Timothy Miller. (zljn) (Entered: 01/22/2026) |
| 01/26/2026 | 38 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Richard J. Leon held on 1−22−26; Page Numbers: 1−48; Date of Issuance: 1−26−26; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/16/2026. Redacted Transcript Deadline set for 2/26/2026. Release of Transcript Restriction set for 4/26/2026.(Miller, Timothy) (Entered: 01/26/2026) |

| 02/02/2026 | 39 | MOTION to Stay *Any Preliminary Injunction Pending Appeal* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 02/02/2026) |
|---|---|---|
| 02/02/2026 | 40 | NOTICE *of Lodging Second Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (Sirkovich, Eitan) (Entered: 02/02/2026) |
| 02/04/2026 | 41 | MOTION to Strike 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 02/04/2026) |
| 02/04/2026 | 42 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/15/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 2/13/2026.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JESSICA BOWRON served on 12/29/2025; DOUGLAS BURGUM served on 12/30/2025; DEPARTMENT OF THE INTERIOR served on 12/30/2025; GENERAL SERVICES ADMINISTRATION served on 12/29/2025; NATIONAL PARK SERVICE served on 12/29/2025; MICHAEL J. RIGAS served on 12/29/2025; JOHN STANWICH served on 12/29/2025; DONALD J. TRUMP served on 1/7/2026, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 12/16/2025. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Casassa, Matthew) (Entered: 02/04/2026) |
| 02/05/2026 | 43 | Memorandum in opposition to re 41 MOTION to Strike 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) (Entered: 02/05/2026) |
| 02/06/2026 | 44 | Unopposed MOTION for Extension of Time to *Respond to Plaintiff's Amended Complaint* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Ramus, Michelle) (Entered: 02/06/2026) |
| 02/17/2026 | 45 | Memorandum in opposition to re 39 MOTION to Stay *Any Preliminary Injunction Pending Appeal* filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 02/17/2026) |
| 02/18/2026 | | MINUTE ORDER. Upon consideration of the defendants' 44 Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, it is hereby |

16

| | | |
|---|---|---|
| | | ORDERED that the motion is GRANTED nunc pro tunc. Defendants shall answer or otherwise respond to plaintiff's 19 Amended Complaint fourteen (14) days after the Court rules on plaintiff's 2 Motion for Preliminary Injunction. SO ORDERED. Signed by Judge Richard J. Leon on 2/18/2026. (lcrjl2) (Entered: 02/18/2026) |
| 02/20/2026 | 46 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 1/5/2026., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/5/2026. ( Answer due for ALL FEDERAL DEFENDANTS by 3/6/2026.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT DOWNING served on 2/9/2026; EXECUTIVE OFFICE OF THE PRESIDENT served on 1/14/2026; OFFICE OF THE EXECUTIVE RESIDENCE served on 1/15/2026; SUSIE WILES served on 1/14/2026 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Casassa, Matthew) (Entered: 02/20/2026) |
| 02/26/2026 | 47 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 2/26/2026. (lcrjl2) (Entered: 02/26/2026) |
| 02/26/2026 | 48 | ORDER. Consistent with the attached, plaintiff's 2 Motion for Preliminary Injunction is DENIED. See Order for details. Signed by Judge Richard J. Leon on 2/26/2026. (lcrjl2) (Entered: 02/26/2026) |
| 02/27/2026 | 49 | MOTION for Leave to File *Second Amended Complaint* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Casassa, Matthew) (Entered: 02/27/2026) |
| 03/01/2026 | | MINUTE ORDER. Upon consideration of the plaintiff's 49 Motion for Leave to File Second Amended Complaint, it is hereby ORDERED that the motion is GRANTED. See Fed. R. Civ. P. 15(a)(2). The Clerk is directed to docket plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief [49–1]. SO ORDERED. Signed by Judge Richard J. Leon on 3/1/2026. (lcrjl2) (Entered: 03/01/2026) |
| 03/01/2026 | 50 | Second AMENDED COMPLAINT against All Defendants filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES.(mg) (Entered: 03/02/2026) |
| 03/05/2026 | 51 | Second MOTION for Preliminary Injunction by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Casassa, Matthew) (Entered: 03/05/2026) |
| 03/05/2026 | | MINUTE ORDER. Regarding plaintiff's 51 Second Motion for Preliminary Injunction, defendants are hereby ORDERED to file a response no later than Thursday, March 12, 2026 at 5:00 PM. Plaintiff shall file a reply, if any, no later than Monday, March 16, 2026 at 5:00 PM. The Court will hold a hearing on the motion on Tuesday, March 17, 2026 at 3:30 PM in Courtroom 18 (In Person) before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 3/5/2026. (lcrjl2) (Entered: 03/05/2026) |
| 03/12/2026 | 52 | Memorandum in opposition to re 51 Second MOTION for Preliminary Injunction filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Declaration |

| | | |
|---|---|---|
| | | Ex. A – Suppl. Stidham Decl., # 2 Declaration Ex. B – Suppl. Martin Decl.)(Sirkovich, Eitan) (Entered: 03/12/2026) |
| 03/13/2026 | 53 | NOTICE *OF AVAILABILITY OF IN–PERSON INSPECTION* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES re 51 Motion for Preliminary Injunction (Sirkovich, Eitan) (Entered: 03/13/2026) |
| 03/16/2026 | 54 | REPLY to opposition to motion re 51 Motion for Preliminary Injunction filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 03/16/2026) |
| 03/17/2026 | | Minute Entry for Preliminary Injunction Hearing held before Judge Richard J. Leon on March 17, 2026. Oral arguments submitted on Plaintiff's Second Motion 51 for Preliminary Injunction. Court takes matter under advisement. Forthcoming Order. Court Reporter: Timothy Miller. (zljn) (Entered: 03/17/2026) |
| 03/23/2026 | 55 | MOTION for Leave to File *Supplemental Declarations* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Proposed Order, # 2 Second Suppl. Bowron Declaration, # 3 Second Suppl. Martin Declaration)(Mayers, Brantley) (Entered: 03/23/2026) |
| 03/25/2026 | 56 | NOTICE *of Intent to File Opposition and Supplemental Declaration* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES (Casassa, Matthew) (Entered: 03/25/2026) |
| 03/26/2026 | 57 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Richard J. Leon held on 3–17–26; Page Numbers: 1–36; Date of Issuance: 3–26–26; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 4/16/2026. Redacted Transcript Deadline set for 4/26/2026. Release of Transcript Restriction set for 6/24/2026.(Miller, Timothy) (Entered: 03/26/2026) |

| 03/27/2026 | 58 | NOTICE OF WITHDRAWAL OF APPEARANCE as to JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. Attorney Gregory Martin Cumming terminated. (Cumming, Gregory) (Entered: 03/27/2026) |
|---|---|---|
| 03/30/2026 | 59 | NOTICE *of Lodging Third Supplemental Ex Parte Declaration* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES (Mayers, Brantley) (Entered: 03/30/2026) |
| 03/31/2026 | 60 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 3/31/2026. (lcrjl2) (Entered: 03/31/2026) |
| 03/31/2026 | 61 | VACATED and SUPERSEDED PURSUANT TO 73 ORDER FILED 4/16/2026.....ORDER. Consistent with the attached, plaintiff's 51 Motion for Preliminary Injunction is GRANTED. See Order for details. Signed by Judge Richard J. Leon on 3/31/2026. (lcrjl2) Modified docket text on 4/16/2026 (zljn). (Entered: 03/31/2026) |
| 03/31/2026 | 62 | ENTERED IN ERROR.....NOTICE of Appeal as to 61 Order on Motion for Preliminary Injunction, Order on Motion for Leave to File, 60 Memorandum & Opinion by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Sirkovich, Eitan) Modified on 4/1/2026, refiled at docket entry 63 (mg). (Entered: 03/31/2026) |
| 03/31/2026 | 63 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 61 Order on Motion for Preliminary Injunction, Order on Motion for Leave to File, 60 Memorandum & Opinion by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. Fee Status: No Fee Paid. (mg) (Entered: 04/01/2026) |
| 04/01/2026 | 64 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 63 Notice of Appeal to DC Circuit Court. (mg) (Entered: 04/01/2026) |
| 04/01/2026 |  | USCA Case Number 26–5101 for 63 Notice of Appeal to DC Circuit Court, filed by ROBERT DOWNING, JOHN STANWICH, DONALD J. TRUMP, DOUGLAS BURGUM, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, EXECUTIVE OFFICE OF THE PRESIDENT, SUSIE WILES, MICHAEL J. RIGAS, GENERAL SERVICES ADMINISTRATION. (mg) (Entered: 04/01/2026) |
| 04/01/2026 | 65 |  |

| | | |
|---|---|---|
| | | MOTION to Clarify *Preliminary Injunction* by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 04/01/2026) |
| 04/08/2026 | 66 | NOTICE OF CROSS APPEAL as to 48 Order, Preliminary Injunction, 47 Memorandum & Opinion by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. Filing fee $ 605, receipt number ADCDC−12347960. Fee Status: Fee Paid. Parties have been notified. (Craig, Gregory) (Entered: 04/08/2026) |
| 04/08/2026 | 67 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 66 Notice of Cross Appeal,. (znmw) (Entered: 04/08/2026) |
| 04/08/2026 | | USCA Case Number 26−5108 for 66 Notice of Cross Appeal, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (zjm) (Entered: 04/08/2026) |
| 04/11/2026 | 68 | MANDATE of USCA as to 66 Notice of Cross Appeal, filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES, 63 Notice of Appeal to DC Circuit Court, filed by ROBERT DOWNING, JOHN STANWICH, DONALD J. TRUMP, DOUGLAS BURGUM, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, EXECUTIVE OFFICE OF THE PRESIDENT, SUSIE WILES, MICHAEL J. RIGAS, GENERAL SERVICES ADMINISTRATION ; USCA Case Number 26−5101. (Attachments: # 1 USCA Order 4/11/2026)(mg) (Entered: 04/13/2026) |
| 04/13/2026 | | MINUTE ORDER. In light of the court of appeals' requirement that this Court respond promptly to its per curiam order, see Order, Nat'l Tr. for Historic Pres. v. NPS, No. 26−5101 (D.C. Cir. Apr. 11, 2026), if the defendants intend to respond to plaintiff's 65 Motion to Clarify, defendants are ordered to file their response no later than Tuesday, April 14, 2026 at 4:00 PM. SO ORDERED. Signed by Judge Richard J. Leon on 4/13/2026. (lcrjl2) (Entered: 04/13/2026) |
| 04/13/2026 | 69 | Memorandum in opposition to re 65 MOTION to Clarify *Preliminary Injunction* filed by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Quinn Declaration)(Mayers, Brantley) (Entered: 04/13/2026) |
| 04/14/2026 | 70 | REPLY to opposition to motion re 65 Motion to Clarify filed by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. (Casassa, Matthew) (Entered: 04/14/2026) |
| 04/14/2026 | 71 | MOTION to Stay *Preliminary Injunction* by JESSICA BOWRON, DOUGLAS BURGUM, DEPARTMENT OF THE INTERIOR, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, GENERAL SERVICES ADMINISTRATION, NATIONAL PARK SERVICE, OFFICE OF THE EXECUTIVE RESIDENCE, MICHAEL J. RIGAS, JOHN STANWICH, DONALD J. TRUMP, SUSIE WILES. (Attachments: # 1 Text of Proposed Order)(Mayers, Brantley) (Entered: 04/14/2026) |
| 04/16/2026 | 72 | |

| | | |
|---|---|---|
| | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 4/16/2026. (lcrjl2) (Entered: 04/16/2026) |
| 04/16/2026 | 73 | ORDER. Consistent with the attached, the Court's 61 Order is hereby VACATED and SUPERSEDED by this Order. It is further ORDERED that plaintiff's 65 Motion for Clarification is GRANTED and defendants' 71 Motion to Extend Administrative Stay of Preliminary Injunction is GRANTED in part and DENIED in part. See Order for details. Signed by Judge Richard J. Leon on 4/16/2026. (lcrjl2) (Entered: 04/16/2026) |
| 04/16/2026 | 74 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 73 Order on Motion to Clarify,, Order on Motion to Stay, by DOUGLAS BURGUM, JESSICA BOWRON, GENERAL SERVICES ADMINISTRATION, DONALD J. TRUMP, ROBERT DOWNING, EXECUTIVE OFFICE OF THE PRESIDENT, NATIONAL PARK SERVICE, MICHAEL J. RIGAS, SUSIE WILES, JOHN STANWICH, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR. Fee Status: No Fee Paid. (Sirkovich, Eitan) (Entered: 04/16/2026) |
| 04/16/2026 | 75 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 74 Notice of Appeal to DC Circuit Court. (mg) (Entered: 04/16/2026) |
| 04/16/2026 | | USCA Case Number 26–5123 for 74 Notice of Appeal to DC Circuit Court, filed by ROBERT DOWNING, JOHN STANWICH, DONALD J. TRUMP, DOUGLAS BURGUM, OFFICE OF THE EXECUTIVE RESIDENCE, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, EXECUTIVE OFFICE OF THE PRESIDENT, SUSIE WILES, MICHAEL J. RIGAS, GENERAL SERVICES ADMINISTRATION. (mg) (Entered: 04/20/2026) |
| 04/21/2026 | 76 | NOTICE OF CROSS APPEAL by NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES. Filing fee $ 605, receipt number ADCDC–12374753. Fee Status: Fee Paid. Parties have been notified. (Casassa, Matthew) (Entered: 04/21/2026) |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**NATIONAL TRUST FOR HISTORIC
PRESERVATION IN THE UNITED STATES**,

     *Plaintiff*,

  v.

**NATIONAL PARK SERVICE**, *et al.*,

     *Defendants*.

Civil Action No. 25-4316

### NOTICE OF CONDITIONAL CROSS-APPEAL

Notice is hereby given that Plaintiff National Trust for Historic Preservation in the United States (the "National Trust") conditionally cross-appeals to the United States Court of Appeals for the District of Columbia Circuit from the Opinion and Order denying the National Trust's first motion for a preliminary injunction (ECF Nos. 47, 48), entered by this Court on February 26, 2026.

In its Opinion and Order, the District Court held that the National Trust was unlikely to succeed on its constitutional claims. The District Court also did not enter a preliminary injunction on the National Trust's Administrative Procedure Act claims. The District Court, however, granted the National Trust leave to amend its complaint, and subsequently entered a preliminary injunction in the National Trust's favor via an Opinion and Order issued on March 31, 2026, *see* ECF Nos. 60, 61, which it later vacated and superseded in an Opinion and Order issued on April 16, 2026, *see* ECF Nos. 72, 73. The government has since appealed that preliminary injunction ruling. *See* ECF No. 74.

The National Trust therefore files this conditional cross-appeal of the February 26, 2026 Opinion and Order to protect its rights in the event that the United States Court of Appeals for the

District of Columbia Circuit reverses, vacates, or otherwise declines to affirm the April 16, 2026

Opinion and Order.

Dated: April 21, 2026

Respectfully submitted,

NATIONAL TRUST FOR HISTORIC
PRESERVATION IN THE UNITED STATES

By its attorneys,

 */s/Matthew F. Casassa*
Gregory B. Craig (164640)
FOLEY HOAG LLP
1717 K Street N.W.
Washington, DC 20006
Tel: (202) 223-1200

Thaddeus A. Heuer (*pro hac vice*)
Matthew F. Casassa (*pro hac vice*)
Jack C. Smith (1725229)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel: (617) 832-1000

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent via first class mail to those indicated as non-registered participants.

*/s/ Matthew F. Casassa*

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL TRUST FOR HISTORIC )
PRESERVATION IN THE UNITED )
STATES, )
        Plaintiff, )
            )    Civil Case No. 25-4316 (RJL)
   v. )
            )
NATIONAL PARK SERVICE, *et al.*, )
            )
        Defendants. )
            )

### ᵗʰ ORDER
February 26 , 2026 [Dkt. #2, 35, 39, 41]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiff's Motion for Preliminary Injunction [Dkt. #2] is **DENIED**; and it is further

**ORDERED** that defendants' Motion to Strike Declaration [Dkt. #35] is **DENIED**; and it is further

**ORDERED** that defendants' Motion to Stay Any Preliminary Injunction Pending Appeal [Dkt. #39], and plaintiff's Motion to Strike Defendants' Motion for Stay Pending Appeal [Dkt. #41] are both **DENIED** as moot.

    **SO ORDERED.**

                                     _____
                                     RICHARD J. LEON
                                     United States District Judge

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIONAL PARK SERVICE, *et al.*,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 25-4316 (RJL) |

**MEMORANDUM OPINION**
February 26, 2026 [Dkt. #2]

The National Trust for Historic Preservation in the United States ("Plaintiff" or "the National Trust") challenges the President's authority to destruct and construct the East Wing of the White House without the prior approval of Congress and with private funds. Plaintiff bases its challenge on a ragtag group of theories under the Administrative Procedure Act ("APA") and the Constitution. The President, not surprisingly, disagrees, claiming that the White House is not covered by the APA and that his authority is statutory in nature, not constitutional.

Unfortunately for Plaintiff, its challenge fails because the White House office in question is not an "agency" under the APA and because Plaintiff did not bring the *ultra vires* claim necessary to challenge the President's statutory authority to complete his construction project with private funds and without congressional approval!

1

As such, unless and until Plaintiff amends its existing complaint to include the necessary *ultra vires* claim, the Court cannot address the merits of the novel and weighty issues raised by this statutory challenge, and Plaintiff's motion for a preliminary injunction must therefore be **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

### I.    The White House Ballroom Project

The White House is the official residence of the President. Am. Compl. [Dkt. #19] ¶ 25. It is part of President's Park, which is a federal park administered by the National Park Service. *Id.* The White House is flanked by the East and West Wings. *Id.* ¶ 30. Before its demolition in October 2025, the East Wing housed the offices of the First Lady and contained a small theater. *Id.* ¶¶ 30–33, 64.

On July 31, 2025, the White House issued a press release announcing plans for a "White House State Ballroom." *Id.* ¶ 36; *see also* Ex. J to Mot. for TRO & Prelim. Inj. [Dkt. #2-14]. According to the press release, the ballroom would be "approximately 90,000 total square feet," "substantially separated from the main building of the White House," and located on the site of the "small, heavily changed, and reconstructed East Wing." Ex. J. The press release indicated that the President was "fully committed to working with the appropriate organizations to preserving [sic] the special history of the White House," and that the President had "held several meetings with members of the White House Staff, the National Park Service, the White House Military Office, and the United States Secret Service to discuss design features and planning." *Id.*

2

On October 20, 2025—without advance notice—President Trump posted on social media that "ground ha[d] been broken on the White House grounds to build the new, big, beautiful White House Ballroom." Am. Compl. ¶ 51. On October 21, media outlets reported that heavy machinery was tearing down the East Wing. *Id.* ¶ 53. The entire East Wing was demolished over the next few days. *Id.* ¶ 64.

The site of the former East Wing is now "a bustling project site," with "heavy construction machinery" and a "construction crane" present. *Id.* ¶¶ 78, 81. Defendants have indicated that "work on the footings and below-grade structural concrete" will commence "in the East Wing area in February." Decl. of John Stanwich ("Stanwich Decl.") [Dkt. #14-6] ¶ 20. "Above grade structural work is not anticipated to begin until April 2026, at the earliest." *Id.*

## II.    The National Trust for Historic Preservation in the United States

The National Trust is a private, charitable, educational non-profit chartered by Congress. Am. Compl. ¶ 4. Its purpose "is to further the historic preservation policy of the United States and to promote the public's awareness of and ability to comment on any activity that might damage or destroy our nation's architectural heritage." *Id.* The National Trust "stewards twenty-seven historic sites" and "takes legal action to protect threatened sites where necessary." *Id.* ¶ 21. The National Trust "has thousands of members," who "use, enjoy, derive personal and professional benefit from, and have a substantial interest in preserving and protecting historic and cultural resources in Washington, D.C." *Id.* ¶ 22.

After the demolition of the East Wing, the National Trust contacted the National Park Service, the National Capital Planning Commission, and the Commission of Fine Arts

3

expressing concerns about the "massing and height of the proposed new construction." *Id.* ¶¶ 54–55. The National Trust wrote that the ballroom could "permanently disrupt the carefully balanced classical design of the White House with its two smaller, and lower, East and West Wings." *Id.* ¶ 55. The National Trust "urge[d] the Administration and the National Park Service to pause demolition until plans for the proposed ballroom [go] through the legally required public review process." *Id.* ¶ 56. Curiously, the National Trust "received no response." *Id.* ¶ 57.

## III.    This Lawsuit

On December 12, 2025, the National Trust sued the National Park Service and its Acting Director, the Superintendent of the White House and President's Park, the Department of the Interior, the Secretary of the Interior, the General Services Administration, the Acting Administrator of the General Services Administration, and the President ("Defendants"). *See* Compl. [Dkt. #1]. The National Trust brought claims under the Administrative Procedure Act ("APA") and the Constitution, alleging that Defendants had failed to consult with the National Capital Planning Commission and the Commission of Fine Arts, comply with the National Environmental Policy Act ("NEPA"), and obtain congressional authorization for the ballroom. *See id.* ¶¶ 105–69. The National Trust moved for a temporary restraining order and preliminary injunction halting construction of the ballroom. Mot. for TRO & Prelim. Inj. [Dkt. #2].

On December 15, 2025, Defendants filed their opposition brief. *See* Mem. in Opp'n to Mot. for TRO & Prelim. Inj. ("Defs.' Opp'n") [Dkt. #15-1]. Defendants argued that the "President possesses statutory authority to modify the structure of his residence, and that

4

authority is supported by background principles of Executive power." *Id.* at 2. Defendants indicated that consultations with the National Capital Planning Commission and the Commission of Fine Arts would "soon be underway." *Id.* Defendants attached a previously-unpublished Environmental Assessment and Finding of No Significant Impact and argued that these documents satisfied their procedural obligations under NEPA. *See* Defs.' Opp'n at 20–21; Ex. 1A to Defs.' Opp'n [Dkt. #14-2]; Ex. 1B to Defs.' Opp'n [Dkt. #14-3]. And Defendants indicated that the ballroom construction was "now proceeding under the leadership of the Office of the Executive Residence." Defs.' Opp'n at 6.

On December 16, 2025, I held a hearing on the National Trust's motion for a temporary restraining order. *See* Dec. 16, 2025 Hr'g Tr. [Dkt. #18]. The following day, I denied the National Trust's motion for lack of "irreparable harm before this Court can consider plaintiff's motion for a preliminary injunction." *Nat'l Tr. for Historic Pres. v. Nat'l Park Serv.*, __ F. Supp. 3d __, 2025 WL 3672837, at *1 (D.D.C. Dec. 17, 2025) (internal quotation marks omitted). I deferred my decision on the National Trust's motion for a preliminary injunction and ordered the parties to submit supplemental briefs addressing the following questions: "[1] Whether and to what extent, past Presidents have obtained congressional authorization and/or regulatory approval for construction and modifications to the White House structure and grounds. [2] Whether the President has independent constitutional and/or statutory authority to construct a ballroom on White House grounds. [3] Whether the entities directing the ballroom construction, including the Office of the Executive Residence, are 'agencies' within the meaning of the Administrative Procedure Act." *Id.* at *2.

5

On December 29, 2025, the National Trust filed an amended complaint, *see* Am. Compl., and its supplemental brief in support of its motion for a preliminary injunction, *see* Suppl. Mem. in Supp. of Mot. for Prelim. Inj. ("Pl.'s Suppl. Br.") [Dkt. #20]. The National Trust added the Executive Office of the President, the White House Chief of Staff, the Office of the Executive Residence, and the White House Chief Usher as Defendants, and added a new claim alleging that placing responsibility for the ballroom with the Office of the Executive Residence violated the separation of powers. *See* Am. Compl. ¶¶ 17–20, 188–96.

On January 15, 2026, Defendants filed their supplemental brief. Defs.' Suppl. Resp. Br. in Opp'n to Pl.'s Mot. for a Prelim. Inj. ("Defs.' Suppl. Br.") [Dkt. #30]. In it, Defendants for the first time *disclaimed* the President's constitutional authority to build the ballroom and instead rested entirely on certain statutory authority! *Id.* at 12, 30. On January 20, the National Trust filed its reply brief ("Pl.'s Reply") [Dkt. #33], and on January 22, I held a hearing on the National Trust's motion for a preliminary injunction. *See* Jan. 22, 2026 Hr'g Tr. [Dkt. #38].

## LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

6

## ANALYSIS

### I.    Subject-Matter Jurisdiction

"[A] federal court generally may not rule on the merits of a case without first determining that it has" "subject-matter jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)). Before reaching the parties' substantive arguments about the APA and the Constitution, therefore, this Court must decide whether the National Trust has established a "substantial likelihood of standing." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015). For the following reasons, I conclude that it has done so.

To establish standing to sue, a plaintiff must show (1) it has "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) the injury is "likely" to "be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). As an organization, the National Trust "can assert standing on its own behalf, on behalf of its members or both." *Equal Rights Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1138 (D.C. Cir. 2011).

The standing inquiry here begins and ends with associational standing.[1] "[A]n association has standing to bring suit on behalf of its members when: (a) its members would

---

[1] The National Trust also argues for organizational standing. *See* Mem. in Supp. of Mot. for TRO & Prelim. Inj. [Dkt. #2-1] at 36; Pl.'s Reply at 2–4; *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982). Because I conclude that the National Trust has adequately demonstrated associational standing, I need not address the parties' organizational standing arguments at this time.

7

otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

To satisfy the first element, the National Trust must show that "at least one of its members" has suffered an "actual or imminent" "injury-in-fact" that is "fairly traceable to the challenged action" and "likely" to "be redressed by a favorable decision." *Sierra Club v. FERC*, 827 F.3d 59, 65 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

To do so, the National Trust relies on a declaration from Alison K. Hoagland, a Washington, D.C.-based professor of history and historic preservation and member of the National Trust. *See* Decl. of Alison K. Hoagland ("Hoagland Decl.") [Dkt. #2-3] ¶¶ 2–4. Hoagland has lived in Washington, D.C. for a total of over thirty years and currently lives two miles from the White House in Capitol Hill. *Id.* ¶ 9. She "travel[s] to the White House neighborhood frequently" and "regularly walk[s] through portions of President's Park, including Lafayette Square, in order to enjoy the historic buildings" and "the beauty of the L'Enfant Plan." *Id.* She also "regularly view[s] the White House from the south side, whether driving by on Constitution Avenue or walking on the Mall." *Id.* She has given "walking tours . . . on various aspects of Washington's historic architecture" and has "published scholarly articles on the topic." *Id.* ¶ 8. The White House is relevant to her

"research on more locally focused architecture" because the White House "drove development around it" and was "on the leading edge of all improvements" in Washington. *Id.* ¶ 11.

Hoagland intends to continue visiting President's Park roughly once a month. *Id.* ¶ 12. She asserts that construction of a ballroom of the form and scale proposed by the President would disrupt her enjoyment and use of President's Park and cause her to "suffer both professional and personal injuries, including to [her] aesthetic, cultural, and historical interests." *Id.* ¶ 13–14. The President's proposed ballroom would, in Hoagland's words, "overshadow[]" the White House and "diminish [its] primacy," thereby disrupting the message that "our president lives in a *house*." *Id.* ¶ 13.

Based on her claims of aesthetic injury, Hoagland could sue in her own right. It is well-settled that the "desire to use or observe" something, "even for purely [a]esthetic purposes, is undeniably a cognizable interest for purpose of standing." *Lujan*, 504 U.S. at 562–63. Hoagland, who is a longtime D.C. resident and scholar of history and historic preservation, "use[s] the affected area" around the White House and is the type of person "for whom the aesthetic and recreational values of the area will be lessened by" the ballroom. *Friends of the Earth*, 528 U.S. at 183 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)). She alleges that Defendants' construction of "a ballroom of the proposed form and scale" would "cause permanent and irreparable harm to the White House and President's Park," thereby damaging her own "aesthetic, cultural, and historical interests" in the property. Hoagland Decl. ¶¶ 13–14.

9

Moreover, Hoagland asserts more than a "vague desire" to visit the affected space sometime in the future. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). She instead provides "specific facts and concrete plans," *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 146 F.4th 1144, 1157–58 (D.C. Cir. 2025), namely that she will continue to visit President's Park "about once a month" to enjoy the historic character of the setting and attend upcoming meetings in the neighboring Decatur House, *see* Hoagland Decl. ¶ 12. The construction of the planned ballroom would, as Hoagland alleges, diminish the "architectural statement" of the White House, thereby undermining her enjoyment and appreciation of the grounds. *Id.* ¶ 13. These are "here-and-now injuries" that will undoubtedly come to pass if construction proceeds as planned. *Ctr. for Biological Diversity*, 146 F.4th at 1157–58. Accordingly, Hoagland has demonstrated an "imminent" injury-in-fact. *Lujan*, 504 U.S. at 560.

Indeed, Hoagland's declaration goes much further than the declaration relied upon unsuccessfully by the plaintiff in *Environmental Defense Fund v. FERC*, 2 F.4th 953 (D.C. Cir. 2021), which Defendants cite in their supplemental brief. Hoagland is not a mere bystander who "incidentally views something unpleasant." *Id.* at 970. To the contrary, Hoagland expressly articulates her "particularized connection to the land." *Id.* She describes how she "derived aesthetic value" from the White House as it existed before the construction and explains that her "future uses," including research and aesthetic enjoyment, would be diminished by the President's proposed ballroom. *Id.* at 969. Further, in Hoagland's personal view, the White House is "one of the most historically significant buildings in the country" and "was designed to be a symbol of the new nation." Hoagland

10

Decl. ¶ 10. To say the least, this is a far cry from an "eyesore" on the side of a road. *Envt'l Def. Fund*, 2 F.4th at 969–70.

Our Circuit has routinely found Article III injury in similar circumstances. *See Sierra Club*, 827 F.3d at 66 (standing based on allegations of aesthetic and recreational harms from "greater tanker traffic" in waterway); *Sierra Club v. U.S. Dep't of Transp.*, 125 F.4th 1170, 1180–81 (D.C. Cir. 2025) (standing where train traffic caused "increased disruption" to members' "homes and in nearby scenic areas"); *Ctr. for Sustainable Econ. v. Jewell*, 779 F.3d 588, 596–97 (D.C. Cir. 2015) (members who used waterways for recreational purposes would suffer harm to "aesthetic interests" by "additional leasing" in those waterways); *WildEarth*, 738 F.3d at 305–06 (members' "aesthetic interests in the land" and "specific plans to visit the area regularly for recreational purposes" sufficient for standing).[2]

Hoagland's alleged harms are also "fairly traceable to the challenged action" and likely to "be redressed by a favorable decision." *Sierra Club*, 827 F.3d at 65. Defendants do not address these elements. *See* Defs.' Suppl. Br. at 8–12. Indeed, there can be no dispute that Hoagland's alleged aesthetic harm stems directly from construction of a ballroom in the manner proposed by the President. And a decision from this Court halting

---

[2] Defendants quibble with the intensity and frequency of Hoagland's alleged aesthetic interests because she lives "2 miles from the White House," "several times further away than the [*Environmental Defense Fund*] plaintiff" lived from the metering station, and because Hoagland only intends to visit the White House area "once a month" instead of "several times a week." Defs.' Suppl. Br. at 10. Neither our Circuit nor the Supreme Court have parsed alleged aesthetic harms so finely for purposes of standing, and it would be incongruous for this Court to do so now. Defendants' objection that Hoagland's injury is not "sufficiently imminent" because "the East Wing plans are not finalized" is similarly meritless. *Id.* at 11. Construction is well underway, *see* Stanwich Decl. ¶ 20, and Defendants identify no authority for the proposition that an aesthetic injury must fully materialize before it may be cognizable.

11

that project for lack of statutory authority would redress Hoagland's alleged harm. In sum, Hoagland has standing to sue on her own.

Having established that one of its members has standing, the National Trust must also demonstrate that the interests it seeks to protect are "germane to the organization's purpose." *Ctr. for Sustainable Econ.*, 779 F.3d at 596 (quoting *Hunt*, 432 U.S. at 343). It has done so! The National Trust was established by Congress "to facilitate public participation in the preservation of sites, buildings, and objects of national significance or interest." 54 U.S.C. § 312102(a). It exists to "protect[] America's historic sites through stewardship, advocacy, and direct assistance" and to "take[] legal action to protect threatened sites where necessary." Am. Compl. ¶ 21. As such, the National Trust has an "obvious interest" in challenging the construction of a massive new ballroom on White House grounds that could likely alter the aesthetic, cultural, and historical integrity of one of the most historic sites in the country. *Cf. Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 182 (D.C. Cir. 2017) (quoting *Am. Trucking Ass'ns v. Fed. Motor Carrier Safety Admin.*, 724 F.3d 243, 247 (D.C. Cir. 2013)) (concluding that an organization "dedicated to the protection and enjoyment of the environment" had an "obvious interest in challenging" the authorization of a pesticide).

Finally, as Defendants do not dispute, this lawsuit does not "require[] the participation of" Professor Hoagland. *Ctr. for Sustainable Econ.*, 779 F.3d at 596 (quoting *Hunt*, 432 U.S. at 343). Indeed, "neither the claim asserted . . . nor the relief requested . . . requires any [National Trust] member to participate as a named plaintiff in the lawsuit." *Ctr. for Biological Diversity*, 861 F.3d at 182.

12

Accordingly, the National Trust has established a substantial likelihood of Article III standing.

## II.   Availability of Judicial Review

Having concluded that the National Trust has standing, I may now consider whether judicial review is available for the National Trust's claims. Defendants advance two arguments to the contrary. First, Defendants argue that the Office of the Executive Residence ("EXR") is not an "agency," so there is no "agency action" to enjoin under the APA. Second, Defendants argue that the National Trust cannot bring freestanding constitutional claims because its claims in the final analysis are statutory in nature. Unfortunately for the National Trust, and based on the claims presently before the Court, I agree with Defendants on these two points and conclude that I lack authority to reach the merits of the National Trust's claims.

### A. Administrative Procedure Act Claims

To find a likelihood of success on the National Trust's APA claims, the National Trust must show that the relevant defendant is an "agency," such that there could be "final agency action" or "agency action unlawfully withheld." 5 U.S.C. §§ 704, 706(1). According to Defendants, EXR, which is part of the Executive Office of the President, is now "the entity managing the East Wing project." Defs.' Suppl. Br. at 13. I agree that EXR is likely not an "agency" under the APA.

Our Circuit held in *Sweetland v. Walters*, 60 F.3d 852 (D.C. Cir. 1995), that the "staff of the Executive Residence is not an agency as defined in" the Freedom of Information

13

Act. *Id.* at 855.[3]  Whether an entity that has been determined to be a "non-agency" can subsequently become an agency by taking on agency responsibilities has not been resolved by our Circuit. *Compare Ryan v. Dep't of Just.*, 617 F.2d 781, 788 (D.C. Cir. 1980) ("Once a unit is found to be an agency, this determination will not vary according to its specific function in each individual case."), *with Rushforth v. Council of Econ. Advisers*, 762 F.2d 1038, 1042 n.5 (D.C. Cir. 1985) (suggesting that "[i]f the President adds duties to an entity which bring it outside the sole-function test, Congress would want the entity to be covered" by FOIA).  But even if EXR could be considered an agency due to the change in its responsibilities, the current record does not support finding EXR an "agency." How so?

As a general matter, the Executive Office of the President is not an "agency" under the APA. *Am. Oversight v. Biden*, 2021 WL 4355576, at *6 (D.D.C. Sept. 24, 2021) (citing *United States v. Espy*, 145 F.3d 1369, 1373 (D.C. Cir. 1998)).  But certain entities within the Executive Office of the President may be considered "agencies" if they "exercise[] 'substantial independent authority.'" *Competitive Enter. Inst. v. Podesta*, 643 F. Supp. 3d 121, 126–27 (D.D.C. 2022) (quoting *Armstrong v. Exec. Off. of President*, 90 F.3d 553, 557–58 (D.C. Cir. 1996)).  Courts consider "how close operationally the group is to the President," "whether it has a self-contained structure," and "the nature of its delegat[ed] authority." *Id.* (alteration in original) (quoting *Citizens for Resp. & Ethics in Wash. v. Off. of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009)).

---

[3] The Freedom of Information Act ("FOIA") "incorporates and expands on the APA's definition of agency," *Am. Oversight v. Biden*, 2021 WL 4355576, at *6 n.6 (D.D.C. Sept. 24, 2021), so if EXR is not an agency under FOIA then it is not an agency under the APA.

14

Here, the limited record suggests that EXR has an "intimate organizational and operating relationship" with the President himself. *Armstrong*, 90 F.3d at 560. Indeed, the President directed EXR to manage the ballroom construction, *see* Decl. of Joshua Fisher [Dkt. #30-1] ¶¶ 7–8, and the National Trust has alleged that the President "is planning and directing the construction of the Ballroom," Am. Compl. ¶ 16; *see also id.* ¶ 79 ("it was reported that President Trump had been 'holding frequent meetings about [the Ballroom's] design and materials'" and "personally select[ed] the project's contractors" (first alteration in original)). And while there are insufficient facts in the record to determine whether EXR has a "self-contained structure," *Competitive Enter. Inst.*, 643 F. Supp. 3d at 127, this factor alone is not dispositive, *see Armstrong*, 90 F.3d at 559 (National Security Council had a "firm structure, a staff, and a separate budget" but was not an agency (internal quotation marks omitted)). Finally, EXR's responsibilities— "handling project management" for the ballroom and "coordinating with NPS staff," Suppl. Decl. of Jessica Bowron [Dkt. #30-3] ¶ 11—are distinguishable from the "delegat[ed] authority" that has made certain entities agencies, *see Competitive Enter. Inst.*, 643 F. Supp. 3d at 127 (alteration in original); *see also Meyer v. Bush*, 981 F.2d 1288, 1292 (D.C. Cir. 1993) (Council on Environmental Quality was an agency because it had authority to "coordinate federal environmental programs," "issue guidelines to federal agencies," and "promulgate regulations"); *Soucie v. David*, 448 F.2d 1067, 1075 (D.C. Cir. 1971) (Office of Science and Technology was an agency because it took on the "function of evaluating federal programs").

15

40

For these reasons, EXR is likely not an agency under the APA, and the National Trust therefore may not challenge EXR's actions under the APA. As a result, the National Trust's APA claims are unlikely to succeed on the merits.[4]

B. Constitutional Claims

Next, the parties dispute whether the National Trust's constitutional claims are reviewable by this Court in equity—in other words, they dispute whether the National Trust has a "cause of action" to enjoin allegedly unconstitutional actions by Defendants. As the case now stands, under *Dalton v. Specter*, 511 U.S. 462 (1994) and *Global Health Council v. Trump*, 153 F.4th 1 (D.C. Cir. 2025), I have concluded that the National Trust lacks a cause of action to assert its constitutional claims as presented. Therefore, I lack authority to reach the merits of its statutory arguments.

The National Trust's principal constitutional argument is that Defendants' construction of the ballroom usurps Congress's authority under the Property Clause. Am. Compl. ¶¶ 179–87. The National Trust also alleges that Defendants' reorganization of the executive branch violates Congress's Article I power to "establish[] . . . offices." *Id.* ¶¶ 188–96.

To obtain judicial review of their claims, the National Trust must have some basis "to invoke the power of the courts," often referred to as having a "cause of action." *See Davis v. Passman*, 442 U.S. 228, 239 (1979). For statutory claims, "private rights of action

---

[4] Even if EXR were an agency, the National Trust's APA claims face additional hurdles. Defendants have represented that consultations with the National Capital Planning Commission and Commission of Fine Arts are ongoing, so those claims will likely become moot. And the National Trust's remaining procedural claim must overcome the "substantial deference" afforded to agencies in NEPA cases. *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 180 (2025).

16

to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Though the National Trust invokes several statutes that it claims the President is violating—including 40 U.S.C. § 8106, which prohibits the construction of buildings on public grounds in the District of Columbia without congressional authorization, and 3 U.S.C. § 105(d)(1), which authorizes appropriation of funds for White House maintenance—the National Trust has not argued that any of these statutes grant it a right to sue to "judicially enforce" the statutes' requirements. *Davis*, 442 U.S. at 239.

Instead, the National Trust relies on a freestanding constitutional claim for injunctive relief. But courts permit this kind of claim only when the claim is, in fact, *constitutional*. To assess whether the National Trust may bring such a claim here, I must determine whether "the underlying claim is properly characterized as statutory or constitutional." *Glob. Health Council*, 153 F.4th at 14. If the claim is "properly characterized as statutory," then it may not be "refram[ed]" as constitutional "to avoid statutory limits on review." *Id.* (citing *Dalton*, 511 U.S. at 474).

Courts have recognized freestanding constitutional claims when the plaintiff "challenge[s] the constitutionality of the statute itself," such as by arguing that there is some structural constitutional defect. *Id.*; *see also, e.g.*, *Collins v. Yellen*, 594 U.S. 220, 250 (2021) (reviewing separation-of-powers claim challenging statute's "for-cause restriction on the President's removal authority"); *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 491 n.2, 492 (2010) (reviewing separation-of-powers claim

17

challenging statute with "dual for-cause limitations on the removal of Board members"). The National Trust does *not* challenge the constitutionality of any of the statutes!

That forces the National Trust to confront the Supreme Court's decision in *Dalton*. *Dalton* held that a plaintiff's claim that the President "violated the terms of [a statute] by accepting procedurally flawed recommendations" could not be brought as a freestanding separation-of-powers constitutional claim. 511 U.S. at 474. The Supreme Court clearly explained that a "claim that the President exceeded his authority under [a statute] is not a constitutional claim, but a statutory one." *Id.* at 476–77. "Our cases do not support the proposition that every action by the President . . . in excess of his statutory authority is *ipso facto* in violation of the Constitution." *Id.* at 472.

Indeed, our Circuit recently applied *Dalton* to foreclose judicial review of a "freestanding constitutional claim" alleging that "the government violated the Constitution by infringing on the Congress's spending power through alleged violations of the 2024 Appropriations Act, the [Impoundment Control Act,] and the Anti-Deficiency Act." *Glob. Health Council*, 153 F.4th at 17, 21. The *Global Health* plaintiffs' "alleged statutory violations" were "the predicate acts for the constitutional claims because without an appropriations statute there could be no improper impoundment." *Id.* at 15. These "statutory claims c[ould not] be transformed into constitutional ones." *Id.* at 16.

Here, the National Trust's constitutional claims are more "properly characterized" as statutory! *Id.* at 14. The National Trust argues that the President "is wholly without constitutional authority to build or demolish anything on federal grounds" and that "[t]here is no statute that provides the President with the authority to demolish the White House or

18

construct a ballroom." Am. Compl. ¶¶ 181, 184. Defendants themselves have *disclaimed* any inherent constitutional authority and have instead argued that the President's authority to construct the ballroom comes from a series of statutes. *See* Defs.' Suppl. Br. at 12 ("Nor is the President relying here on constitutional authority[.]"), 28–35 (arguing that 3 U.S.C. § 105(d), 54 U.S.C. § 101101(2), 31 U.S.C. § 1321, and 31 U.S.C. § 1535 supply the President's authority). Whether those statutes give the President authority to build the ballroom is thus a statutory dispute! *See Glob. Health Council*, 153 F.4th at 14. The parties dispute the scope of 3 U.S.C. § 105(d), *see* Pl.'s Suppl. Br. at 12–15; Defs.' Suppl. Br. at 32–35, and whether 40 U.S.C. § 8106 may be read to constrain the President, *see* Defs.' Suppl. Br. at 28–32; Pl.'s Reply at 8–11. Unfortunately for the National Trust, the Court's equitable power to enjoin constitutional violations does not extend to this kind of statutory dispute! *See Dalton*, 511 U.S. at 476–77; *Glob. Health Council*, 153 F.4th at 13; *see also Trump v. Sierra Club*, 588 U.S. 930, 930 (2019) (staying injunction because "the Government has made a sufficient showing at this stage that the plaintiffs have no cause of action to obtain review of the Acting Secretary's compliance with Section 8005").[5]

The National Trust's reliance on *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952), *see* Pl.'s Reply at 23, is misplaced. "In *Youngstown*, the Government disclaimed any statutory authority for the President's seizure of steel mills," so the "case necessarily turned on whether the Constitution authorized the President's actions." *Dalton*,

---

[5] The same goes for Plaintiff's unlawful reorganization claim. This claim is statutory because it is predicated on the statute "vesting [Congress's] authority over the management and regulation of the National Park System in the National Park Service." Am. Compl. ¶ 190 (citing 54 U.S.C. § 100101).

19

511 U.S. at 473. Here, the situation is the exact opposite—Defendants have disclaimed inherent constitutional authority to construct the ballroom. *See* Defs.' Suppl. Br. at 12, 30; *see also, e.g.*, *League of United Latin Am. Citizens v. Exec. Off. of President*, __ F. Supp. 3d __, 2025 WL 3042704, at *25 (D.D.C. Oct. 31, 2025) (*Dalton* did not preclude implied equitable constitutional claims where the defendants "invok[ed] the Article II Vesting Clause, arguing that the President has inherent constitutional authority"), *appeal filed*, No. 25-5476 (D.C. Cir. Dec. 31, 2025).

To be fair, the President's source of legal authority to construct the ballroom was *not* apparent before the National Trust brought its motion. *See, e.g.*, Am. Compl. ¶ 45 (alleging that "President Trump said that he had been told by two men that, as President, he could do anything he wanted to the White House" (cleaned up)). And to make things murkier, Defendants initially suggested that there *was* a dispute about the President's constitutional authority. *See* Defs.' Opp'n at 1 ("The Constitution makes the President of the United States the head of the Executive Branch and the sole organ of American foreign policy, and it requires the President to 'receive Ambassadors and other public Ministers.'"), 15 n.6 (discussing the Reception Clause). But Defendants' subsequent abandonment of any constitutional claims of authority places this case—as it now stands—squarely in *Dalton* territory. *See* Jan. 22, 2026 Hr'g Tr. at 24:25–25:2; *Dalton*, 511 U.S. at 474 n.6.

The National Trust argues that Defendants' "reading of *Dalton* would insulate a wide swath of genuinely constitutional claims from review simply because the executive has claimed some statutory authority for the challenged action." Pl.'s Reply at 23. Indeed, it strikes me as incongruous that Defendants' choice to make "expansive" statutory

20

arguments, *see* Jan. 22, 2026 Hr'g Tr. at 37:7, forecloses judicial review of those arguments in the context of constitutional claims!

But as several courts have recognized, where the question becomes one of the President's statutory authority to act, *ultra vires* review is the proper vehicle to bring such a challenge. *See Dalton*, 511 U.S. at 472 ( "If all executive actions in excess of statutory authority were *ipso facto* unconstitutional . . . , there would have been little need in [*Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682 (1949)] for our specifying unconstitutional and ultra vires conduct as separate categories."); *Chamber of Com. of U.S. v. Reich*, 74 F.3d 1322, 1332 (D.C. Cir. 1996) (reviewing claim that "presidential action—not one, it should be added, even contemplated by Congress—independently violates [another] statute" under *ultra vires* theory).[6]

The National Trust unfortunately did not bring an *ultra vires* claim, and the parties as a result have not briefed whether *ultra vires* review is available or whether Defendants' conduct rises to the level of acting *ultra vires*. *See Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) (noting the Court has "strictly limited nonstatutory ultra vires review to the painstakingly delineated procedural boundaries of [*Leedom v. Kyne*, 358 U.S. 184 (1958)]" (internal quotation marks omitted)); *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 722 (D.C. Cir. 2022) (describing "demanding" standard for successful *ultra vires*

---

[6] Recent cases challenging executive action have proceeded under *ultra vires* theories. *See, e.g., Illinois v. Trump*, 2025 WL 2886645, at *21 (N.D. Ill. Oct. 10, 2025) (granting temporary restraining order on *ultra vires* claim), *stay denied in part and granted in part by, Illinois v. Trump*, 155 F.4th 929, 933 (7th Cir. 2025), *stay denied by, Trump v. Illinois*, 146 S. Ct. 432, 434 (2025); *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1369–70 (Ct. Int'l Trade) (granting summary judgment on *ultra vires* claim), *aff'd in part, vacated in part, remanded sub nom., V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *aff'd sub nom., Learning Res., Inc. v. Trump*, 2026 WL 477534 (U.S. Feb. 20, 2026).

21

claims). Thus, absent an amended complaint raising *ultra vires* claims, I cannot reach the merits of the National Trust's novel and weighty statutory arguments.

### CONCLUSION

The parties have jockeyed for the most legally advantageous position to either support, or oppose, the injunction that is the object of this suit.

Unfortunately, because both sides initially focused on the President's constitutional authority to destruct and construct the East Wing of the White House, Plaintiff didn't bring the necessary cause of action to test the statutory authority the President claims is the basis to do this construction project without the blessing of Congress and with private funds.

If Plaintiff is inclined to amend its complaint with the necessary *ultra vires* cause of action to test the President's statutory authority, the Court will expeditiously consider it and, if viable, address the merits of the novel and weighty issues presented.

Until then, however, I have no choice but to deny Plaintiff's motion for a preliminary injunction for lack of likelihood of success on the merits.

For all the reasons stated above, it is hereby **ORDERED** that the National Trust's Motion for a Preliminary Injunction [Dkt. #2] is **DENIED**.

An Order consistent with the above will issue with this Memorandum Opinion.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

22

47