**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES**, <br><br> *Plaintiff*, <br><br> v. <br><br> **NATIONAL PARK SERVICE**, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-4316 |

## OPPOSITION TO DEFENDANTS' RULE 62.1 FILING

The National Trust for Historic Preservation in the United States ("National Trust") submits this response opposing the Defendants' demand for a ruling pursuant to Federal Rule of Civil Procedure 62.1. ECF 79. The Defendants ask the Court to indicate that it would—in light of the recent incident at the White House Correspondents' Dinner—dissolve the preliminary injunction it entered on April 16, 2026, if the Court retained jurisdiction to do so. *See id*. The Court should decline to do so.

Although captioned as a "motion," the Defendants' filing makes no legal argument and implies that none is needed. Instead, the Defendants lob more *ad hominem* attacks at the National Trust and its counsel. *See, e.g.*, *id.* at 1. And the Defendants make multiple factual representations to the Court that the Defendants' counsel know to be false:

- The Defendants claim that the National Trust was "shown detailed plans and specifications of this knitted, unified, and cohesive structure by Top Officers and Leaders in both the Military and Secret Service." *Id.* at 5. This statement is false: The National Trust has never been shown non-public plans or specifications of any sort. *See* ECF 13 at 2 (Defendants stating that *ex parte* submission "cannot be . . . shared with opposing counsel without compromising the interests of national security").

- The Defendants claim that the National Trust was "asked by the United States Military not to bring this suit because of the Top Secret nature of the important

facility being built." ECF 79 at 1. This statement is false: The military did not request that the National Trust not file this suit.

- The Defendants claim that "Congress has never dictated or tampered with the zoning, permitting, or architectural aspects" of any White House project. *Id.* at 5. This statement is false. *See, e.g.*, ECF 30 at 31 n.12 (acknowledging that Congress "inject[ed] itself into White House architectural choices" during the 1949 renovation); *see generally* ECF 20-1.

- The Defendants claim that standing is based on a woman "walking her dog in the vicinity of the White House." ECF 79 at 2; *see id.* at 6. This statement is false. See ECF 2-3 (declaration of National Trust board member who is the former senior historian at the Historic American Buildings Survey of the National Park Service, the former Vice President of the D.C. Preservation League, the author of six books on American vernacular architecture, and a regular visitor to President's Park).

In this "motion," the Defendants rush to undo an injunction they have never accepted, and which they have tried to misinterpret out of existence. *See, e.g.*, ECF 72 at 3 (Court's preliminary-injunction order stating the Defendants' "reading of [the prior] Order" was "neither a reasonable nor a correct" one); *id.* (explaining that the Defendants' argument that the prior order "d[id] *not* stop ballroom construction" was "to say the least, incredible, if not disingenuous"); *id.* at 5 (detailing the Defendants' "brazen[]" assertions).

In this "motion," the Defendants also ignore the reality that—to date—construction has continued unabated. Work at the East Wing site has not been paused for even a single minute, because the injunction has not yet gone into effect. But, the Defendants claim, the events at the White House Correspondents' Dinner show this lawsuit must be dismissed immediately because it "endangers the lives of all Presidents, current and future." *Id.* at 7. That statement is not only utterly unprofessional. It is reckless.

All of this may be standard fare for a social media post.  But in a federal court filing, it is neither appropriate nor permitted. *See* Fed. R. Civ. P. 11(b); D.C. Rule of Professional Conduct 3.3(a)(1). Nor was the filing submitted by a junior attorney: it was signed by *three of the most*

*senior attorneys at the Department of Justice* (although notably, not by any attorneys who had appeared previously in this case).

There is no need or basis for an indicative ruling. The injunction has not even gone into effect, and even if it had, the events at the White House Correspondents' Dinner would not give the President a blank check to suspend the statutory and constitutional limits on his own power. *See Home Bldg. & Loan Assoc. v. Blaisdell*, 290 U.S. 398, 425 (1934) (a claimed "[e]mergency does not create power," "does not increase granted power," and does not "remove or diminish the restrictions imposed upon power granted or reserved"). To the contrary, the imperative for "security can"—and must—"be reconciled . . . within the framework of the law." *Boumediene v. Bush*, 553 U.S. 723, 798 (2008). Moreover, the Defendants' appeal has been expedited by the D.C. Circuit—with argument set for June 5—and neither good sense nor good order favors upending the Circuit's schedule. *See AIDS Vaccine Advoc. Coal. v. Dep't of State,* No. 25-00400, 2025 U.S. Dist. LEXIS 90994, at *13 (D.D.C. May 13, 2025).

The National Trust respectfully requests that the Court decline to enter an indicative ruling, and grant any further relief it deems warranted.

Dated: May 7, 2026

Respectfully submitted,

NATIONAL TRUST FOR HISTORIC
PRESERVATION IN THE UNITED STATES

By its attorneys,

 */s/  Matthew F. Casassa*
Gregory B. Craig (164640)
FOLEY HOAG LLP
1717 K Street N.W.
Washington, DC 20006
Tel: (202) 223-1200

Thaddeus A. Heuer (*pro hac vice*)
Matthew F. Casassa (*pro hac vice*)
Jack C. Smith (1725229)
FOLEY HOAG LLP
155 Seaport Boulevard
Suite 1600
Boston, MA 02210
Tel: (617) 832-1000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 7, 2026, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent via first class mail to those indicated as non-registered participants.

*/s/ Matthew F. Casassa*